#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF ROCKINGHAM, DECEMBER TERM,

### A. D. 1833.

## JAMES J. WIGGIN *versus* WALTER W. WIGGIN.

*Assumpsit for use and occupation does not lie against one who has entered and occupied the land in defiance of the plaintiff.*

ASSUMPSIT for the use and occupation of a house and two acres of land in Stratham, from the 5th November, 1828, to the 2d April, 1830.

The cause was submitted to the decision of the court upon the following facts.

The plaintiff, having brought a writ of entry against the defendant to recover possession of the said house and land prevailed in the suit, and at August term of the court of common pleas in this county, 1828, judgment was entered in his favor as upon a mortgage.

On the 20th October, 1828, a writ of possession issued upon that judgment, and was executed on the 5th November, in the same year. When the officer delivered possession to the plaintiff, the defendant was angry, and said that the judgment was wrong.

On the 25th November, 1828, the plaintiff went with one J. B. to whom he had let the house and land, in order to put J. B. in possession, but the defendant refused to let J. B. take possession, and threatened to turn him out if he came to occupy.

Wiggin
v.
Wiggin.

The defendant continued in possession of the premises until the 2d April, 1830.

*Lawrence*, for the plaintiff.

*Cutts*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

Assumpsit for the use and occupation of land lies only in cases where the defendant can be considered as having held the land with the permission of the plaintiff. But the permission may be either express or implied.

In cases where the defendant has held the land adversely to the plaintiff, no permission can be implied, and assumpsit does not lie. 3 Starkie's Ev. 1513 ; 2 Greenleaf, 336, *Wyman* v. *Hook* ; 17 Mass. Rep. 299, *Allen* v. *Thayer* ; 9 Dowling & Ryland, 480, *Cripps* v. *Blank* ; Laws, Pl. in Assumpsit, 378.

But where the defendant has entered without any color of right, and held the land, the law, in cases where there is nothing to rebut the presumption, may, perhaps, presume a promise on the part of the defendant to pay for the use, and a permission on the part of the plaintiff. In such a case the tort may perhaps be waived and assumpsit sustained. 3 Starkie's Ev. 1517.

But in this case, as the defendant held the land in defiance of the plaintiff, no permission can be presumed. The case of *Cripps* v. *Blank*, above cited, is directly in point.

*Judgment for the defendant.*