# HOVEY VS. BLANCHARD.

The act of July 1, 1831, providing further remedies for landlords and tenants, does not apply to a case where the occupant holds by a title adverse to that of the claimant, and has never admitted his right.

If one assume to act as agent of another, and cause an act to be done for him of which the latter afterwards takes the benefit, he must take it charged with notice of such matters as appear to have been at the time within the knowledge and recollection of the agent.

The principal is chargeable constructively, with notice of facts which were, at the time of an act done by his agent, within the knowledge and memory of the agent.

Hovey *v.* Blanchard.

An owner of land conveyed it by a deed duly executed and acknowledged. On the next day he carried a letter directed to an attorney, and enclosing a demand against himself, for collection, to the place of the attorney's residence; and upon ascertaining that the attorney was absent, requested a deputy sheriff to open the letter, make a writ upon the demand, and attach the land which he had thus conveyed; which was done, and the execution subsequently issued was levied upon the premises.—*Held,* that the creditor, if he would avail himself of the act of the grantor in causing the land to be attached, must be charged with his knowledge of the conveyance which he had made.

The statute of June 29, 1829, enacts that a writ made by any sheriff, or deputy sheriff, shall be void. If a writ so made be entered, and judgment obtained, and execution issued; whether a levy made under it will be absolutely void, *quere?*

COMPLAINT, originally commenced before a magistrate, to recover possession of a tract of land in Bristol, under the act of July 1, 1831, providing further remedies for landlords and tenants.

The defendant pleaded that he did not hold the house and tenement without law, and against the right of the said Hovey, because he said, that at the time of suing forth of the writ, the same was the house and tenement of Levi Bartlett and Jeremiah H. Prescott, and that he held and occupied as tenant under them.

The plaintiff replied, that at the time of serving the writ the defendant was in possession of the demanded premises without law and against the right of the plaintiff, and traversed the allegation that the premises belonged to Bartlett and Prescott, and that the defendant occupied as their tenant.

The defendant reäffirmed the matter of the plea, and tendered an issue, which was joined.

The issue involving a question of title, the case was carried to the common pleas for trial. Upon the trial, in that court, the defendant objected that the plaintiff had misconceived his remedy, and the court reserved the question.

It was admitted that Levi H. Morgan, on the 21st day of August, 1838, was the owner of the premises.

The plaintiff claimed title under an attachment of the premises August 22d, 1838, upon a writ in his favor against

Morgan, made by Asahel Quimby, a deputy sheriff; a judgment in said action, November term, 1838, and a levy of the execution issued thereon, December 13th, 1838, which was duly recorded.

The defendant introduced in evidence a deed from Morgan to Levi Bartlett, dated August 21st, 1838, duly executed, and acknowledged on that day, and recorded August 24th, 1838, conveying the same premises. Also, a deed from Bartlett to J. H. Prescott, conveying one undivided third part of the premises.

It was admitted that on the 4th day of April, 1840, prior to the institution of this process, the defendant was in possession of the premises, claiming to hold the same as tenant of Bartlett & Prescott.

To defeat the attachment and levy, the defendant introduced Quimby as a witness. From his testimony it appeared that on the 22d day of August, 1838, Morgan came to him at Hill, bringing a sealed letter, purporting to be signed by the plaintiff, addressed to George M. Phelps, Esq., bearing date August 3d, 1838, requesting Phelps forthwith to collect the note inclosed, and that Morgan handed the letter to Quimby, who informed him that Phelps was then absent at New-York. Morgan then intimated that there was a demand in the letter, to be collected, and desired Quimby to open the letter, which he did, and found a note in it signed by Morgan, upon which, at the request of Morgan, Quimby made a writ ; and then, by Morgan's direction, attached the premises in question, in the afternoon of the 22d day of August, 1838. The witness at the time of the attachment had no knowledge of the conveyance to Bartlett, but heard of it afterwards.

After Phelps returned from New-York, Quimby delivered the note and letter to him. After the levy was made, the plaintiff paid the fees and expenses of it.

The court being of opinion that the foregoing facts, testified to by Quimby, made Morgan the agent of the plaintiff in directing the attachment of the premises, and that the knowl-

edge of Morgan, of the prior conveyance of the premises to Bartlett, was, under the circumstances, notice to the plaintiff of that conveyance, and so ruling, a verdict was taken, by consent, for the defendant, subject to the opinion of this court.

*Quincy & Phelps*, for the plaintiff.

*Jos. Bell & S. H. Stevens*, for the defendant.

PARKER, C. J.    The relation of landlord and tenant never existed between these parties.   Levi H. Morgan was formerly the owner of the premises.    The plaintiff endeavors to make his title under an attachment, and a levy of the execution upon the land, as the property of Morgan.    The defendant is in possession as lessee of Bartlett and Prescott, who claim under a deed from Morgan, executed prior to the attachment, but not recorded until a subsequent day.    The title set up by the plaintiff is, therefore, adverse to that under which the defendant holds, and the latter might have defeated the process upon that ground, never having admitted the plaintiff's title.    *Leavitt* vs. *Wallace*, (12 *N. H. Rep.* 490.)

But the pleadings raise a different question.    The defendant avers, in his plea, that Bartlett and Prescott have title, and that he holds as their tenant.    The plaintiff replies with a formal traverse of the whole matter.    Whether this might not have been objected to, on special demurrer, we need not enquire.    The defendant reäffirms the matter of the plea, and tenders an issue upon the whole, which is joined.    And the question is, whether the defendant maintains his allegations.

Unless the plaintiff is chargeable with notice of the deed before the attachment was made, the attachment and levy give him the better title.

It appeared in evidence that Morgan himself caused the attachment to be made.    He came there with the letter which inclosed the demand.    He was in that the agent of the plain-

tiff, and there is evidence from which a jury might well infer that he was to give particular directions respecting the mode of service. The letter contained none; and when it was found that the attorney to whom it was directed was absent, he desired Quimby to open it, requested him to make a writ, and ordered the attachment. The plaintiff subsequently paid the expenses of the levy, and claims under the attachment; and if it might be supposed that he was in fact a creditor of Morgan, and had sent the demand in good faith to the attorney, for collection, without giving Morgan any other authority than that of carrying the letter; still Morgan must be regarded as his agent in procuring the writ, and making the attachment, because the plaintiff by pursuing the suit to a judgment and levy, and by claiming under the attachment, has adopted the act of Morgan as his own. If he adopt the act of Morgan he must take it *cum onere;* and it is immaterial whether Morgan had a previous authority to direct the attachment. The plaintiff must be chargeable, therefore, with notice of the conveyance which had been made by Morgan the day previous, Morgan having full knowledge of the execution and contents of that conveyance. The subject matter of the agency, in making the attachment, had a direct connection with, and bearing upon, the conveyance which had been previously executed, and Morgan must not only be presumed to recollect, but he could not have forgotten, the execution of that conveyance. The case is, therefore, within the rule charging the principal, constructively, with notice of facts which were, at the time of the act done by the agent, within the knowledge and memory of the agent. 2 *Livermore on Agency* 236, 237; 2 *Vernon* 609, *Jennings* vs. *Moore;* 13 *Ves.* 120, *Hiern* vs. *Mill; Story on Agency* 131.

And this is a very appropriate case for the application of the rule; for it presents a most palpable attempt at fraud on the part of Morgan, with circumstances tending somewhat strongly to show collusion on the part of the plaintiff.

The plaintiff's title might perhaps be questioned upon an-

other ground. The statute of June 29, 1829, enacts that "if any sheriff, or deputy sheriff, shall make any process, writ, declaration or plea, for any other person, the same shall be void." The writ upon which the premises were attached was made by a deputy sheriff, in direct violation of this provision of the statute ; and, had an objection been made before judgment, the action must have failed for that cause. Whether it can be regarded as rendering the judgment, and the levy under it, as also absolutely void, may admit of more doubt, and need not be settled. We advert to the matter at this time, for the purpose of censuring this disregard of the statute by deputy sheriffs, of which it is to be feared this is not a solitary instance. It is not necessary to enter into an exposition of the reasons which induced the legislature to enact the law ; and we need only say that no attorney should enter a writ which he knows has been made by a deputy sheriff, in violation of the statute.

*Judgment on the verdict.*