## MORRISON *vs.* TENNEY.

The act of July 1, 1831, providing farther remedies for landlords and tenants, does not apply to a case where the person claiming as landlord comes in *in invitum*, by means of a levy on execution, and the occupant holds possession under an adverse title, and has never recognized the claimant's title.

COMPLAINT, under the statute regulating the remedies for landlord and tenant. The complaint was dated April 7, 1841, and made returnable before A. Fowler, esquire, justice of the peace, on the 17th day of April, 1841 ; and demanded a piece of land in Concord, containing about sixty-four square rods.

Plea, not guilty.

It appeared that April 8th, 1836, George Kent owned the land, and then gave the defendant a bond to convey, on the payment of eight hundred dollars, within one year, and the bond gave him license to enter and take the profits for that year. Tenney entered under the bond, and built on the land a house and other buildings, and remained in possession until the commencement of this process.

At the September term of the court of common pleas, in 1840, the plaintiff recovered judgment against Kent, and October 13th, 1840, levied his execution on the premises. There was evidence that the attorney of the plaintiff in that suit, within one week

Morrison *v.* Tenney.

after the levy, called on the defendant and requested him to pay rent to the plaintiff, but that the defendant made no reply. He, at the same time, called on a tenant who occupied part of the premises under the defendant, to pay rent to the plaintiff, and he assented ; but the defendant afterwards sued him for the rent. On the 30th of March, 1841, the attorney demanded rent of the defendant, from October, 1840, to that time, and gave him notice, in writing, to quit. The defendant gave him an evasive answer, saying that he wished to consult counsel, or something of the kind, and soon after gave notice that he should not pay rent.

Previous to the levy, the defendant had assigned his bond, and the interest he had in the land under it, to one Elkins, to secure him as the defendant's surety ; and the administrator of Elkins's estate now holds the bond under that assignment.

On this case a verdict was taken, by consent, for the plaintiff.

*Perley*, for the defendant. This process contemplates the relation of landlord and tenant, and the party who would avail himself of it ought to be held strictly to show that relation. It was so decided in the case of *Hovey* vs. *Blanchard*, in Grafton county, not yet reported, [13 *N. H. Rep.* 145 ;] and also in *Leavitt* vs. *Wallace*, in Belknap county, [12 *N. H. Rep.* 489.] Thus, a mortgagee entitled to possession could not avail himself of this process.

Tenney had an equitable interest, and had a right to a specific performance as against Kent, and it might be enforced against a purchaser with notice. 5 *N. H. Rep.* 181, *Hadduck* vs. *Wilmarth ;* 1 *Mer.* 284, *Allen* vs. *Anthony.* But the attempt of this plaintiff is to take the whole interest in the property for Kent's debt.

The case shows an assignment of Tenney's equitable interest ; yet if he is in under his assignee, his case is no weaker. There is no evidence that he attorned to the plaintiff. *Com. Dig., Attornment, D,* 2. He was applied to and made no answer.

Upon a notice in writing to quit, process cannot issue until three months have elapsed. We contend that it cannot lie in

seven days for the nonpayment of rent, unless there is an express promise to pay a specific sum.

*Eaton*, for the plaintiff. All the necessary steps were taken, if the relation of landlord and tenant existed. The defendant is bound by the plea filed before the justice, and cannot give title in evidence. 7 *N. H. Rep.* 266, *Flagg* vs. *Gotham*. The evidence to show title in Kent, and the agreement with the defendant, cannot be admitted.

Use and occupation might be maintained, and use and occupation can be maintained only where the relation of landlord and tenant exists. 3 *Stark. Ev.* 1513 ; 9 *N. H. Rep.* 494, *Alton* vs. *Pickering.*

The defendant was notified to pay rent, and made no reply. By his silence he is estopped. It would be the same in case of an assignment of a note. 5 *N. H. Rep.* 277, *Albee* vs. *Little ;* 1 *Metcalf's Dig.* 6. The plaintiff having shown title in himself and occupancy by the defendant, the presumption of law is that the defendant was a tenant, and it cannot be contradicted.

*Perley*, in reply. This is not within the scope of those cases where a party enters under a contract of purchase, and afterwards refuses to complete it. This defendant did not refuse to buy. The notes are outstanding ; the contract is not rescinded.

The actions for use and occupation referred to, are for the sake of the remedy, and not because there was an actual relation of landlord and tenant.

The silence is not an estoppel. If it were, it would go to his title. Here was no action in consequence of the silence.

PARKER, C. J. If Kent might have maintained assumpsit for use and occupation, in case he had continued to be the owner and the defendant had failed to fulfil the contract, and thus a relation of landlord and tenant exist for that purpose, it would be doubtful whether that relation existed between them within the statute giving the remedy sought in this case. There would be no *rent* payable, which, being in arrear, the landlord might give notice under the statute.

Morrison *v*. Tenney.

But however that might be, this plaintiff does not stand in the relation of landlord to the defendant. He came in *in invitum*, by his levy against Kent, and the defendant's possession was adverse to the plaintiff's claim, and he never recognized the plaintiff as having title. On the facts, therefore, the plaintiff cannot maintain the process. 6 *N. H. Rep.* 298, *Wiggin* vs. *Wiggin ;* 9 *N. H. Rep.* 496, 498, *Alton* vs. *Pickering ; Leavitt* vs. *Wallace*, [12 *N. H. Rep.* 490 ;] *Hovey* vs. *Blanchard*, [13 *N. H. Rep.* 145.]

*Verdict set aside.*