TRISLER ET AL. *v.* TRISLER ET AL.

DEED.—*Recording.*—*Notice.*—A deed recorded after the expiration of ninety days is notice to all persons purchasing after such recording.

PRACTICE.—*Joint Demurrer.*—If a complaint is good against any of the defendants, a joint demurrer to it should be overruled.

SAME.—*Answer in Part.*—An answer which assumes to meet the entire complaint, and, in fact, only answers a part thereof, is bad.

CONVEYANCE.—*Abandonment.*—Where a complaint averred that certain real estate had been sold and conveyed in fee simple to the plaintiff, and the deed recorded, and also certain mill privileges of a race and mill-dam given; and that the entire property had, subsequent to the recording of the deed, been conveyed by the original grantor to the defendant, an answer alleging an abandonment of the race and dam by the plaintiff was not sufficient on demurrer.

APPEAL from the Bartholomew Circuit Court.

BUSKIRK, J.—This action was commenced by Andrew Trisler against the appellants. Since the appeal was perfected, Andrew departed this life. His death was suggested, and his widow and heirs have been substituted as appellees. The complaint was, in substance, as follows:

That James Trisler, being the owner of a tract of land in Bartholomew county, describing it, containing twenty-one acres, and being, also, the owner of a saw-mill and sash factory, run by water power, together with mill-dam and race, all situate on said real estate, did, on the 22d day of September, 1856, convey, by deed, to plaintiff, said mills and two acres of land on which they were situate, and one-half acre at the dam, also the privilege of mill-race and dam. It is averred that the half acre at the dam lies at the south abutment thereof in the form of a square. The deed, which describes the two acres by metes and bounds, is made a part of the complaint, and it is averred that it was recorded in the recorder's office of said county on the 7th day of July, 1857. In 1863 the dam was washed away by a freshet, and has not since been rebuilt; but plaintiff avers that he intends to rebuild the dam and use it and the race in running the sash factory.

For the purpose of supplying additional power during dry

seasons, plaintiff had, before the dam was washed away, attached a steam engine to the saw-mill, but never propelled the sash factory by steam power, but by water power. only.

After the washing away of said dam, said James Trisler sold and conveyed to the defendant, Wesley Robbins, the twenty-one acres, not excepting therefrom the property he had conveyed as aforesaid to plaintiff. And the said Robbins, thereafter, in like manner, sold and conveyed the whole of said land to the defendant James Smith, who claims, by virtue of said deeds, to be the absolute owner of said property so conveyed to plaintiff, and has, without right, exercised acts of ownership over said property by cultivating said land and race one season, and by plowing, filling, and partially destroying the race, to plaintiff's damage one hundred dollars. It is further averred that said conveyances and said acts of the defendant Smith cast a cloud upon plaintiff's title to said property. Prayer for judgment quieting title, removing cloud therefrom, for possession, etc.

To this complaint the defendants filed a joint demurrer for cause that it did not state facts, etc. The demurrer was overruled, and exception taken.

The defendants filed a joint answer, alleging that after the conveyance to plaintiff by James Trisler, as alleged, of the privilege of a race, and before the conveyance by James to Robbins, to wit, in 1857, said dam was entirely washed away and destroyed, and has never been, and never can be, rebuilt for the purpose of using the race, as it was at the time of executing said deed by James to plaintiff, or for any purpose for which it might be used in accordance with the terms of said grant, on account of the foundation, which is loose and washes; that after said dam had washed away, plaintiff entirely removed all abutments belonging thereto, and all that remained thereof that would have been of value or service in rebuilding same.

James understood and believed, from said acts and conduct of said Andrew, that said Andrew had abandoned all

right or claim of right to said race, and that he did not intend to use the same again; defendants charge that he did, in fact, abandon the same and all right thereto; that so believing, said James built fences across said race, and made improvements on his farm with reference to said abandondonment, and, in 1864, relying on same, sold and conveyed to said Robbins, who knew of said acts of abandonment, and relied thereon in purchasing said farm, by warranty deed, without reservation of said race, or any right of said Andrew thereto; that while Robbins was in possession, Robbins, relying on said acts of abandonment, built fences and obstructions across said race, and cultivated it by plowing across and into it, and partially filling it; that after said Robbins so cultivated said farm two seasons, he sold and conveyed it to Smith, who also, at the time of purchase, knew of said acts of abandonment, and relied on the same, and continued to cultivate and fence across said race; and plaintiff, during all the time since the destruction of said dam, has continued to reside in the immediate vicinity of said race, and had full knowledge of all the acts and conveyances of said several parties, above set forth, and has not, until since said conveyance to Robbins, at all objected thereto.

They further say that plaintiff, after the destruction of said dam, abandoned all attempt to run said mill by water, and procured steam machinery therefor, by which said mill has since been exclusively propelled; which defendants all knew at the time of said several conveyances.

Plaintiff demurred to this answer for insufficiency. Demurrer sustained, and defendants excepted; and refusing to answer further, complaint is taken as confessed; and judgment of injunction, quieting title, for possession; to all of which rulings defendants excepted.

Two errors are assigned; first, that the court erred in overruling the demurrer to the complaint; and second, that the court erred in sustaining the demurrer to the answer.

Three objections are urged to the complaint. The first

and principal objection is, that Andrew Trisler's deed not having been recorded for more than ninety days after its date, the record was not notice to any subsequent purchaser, but any such purchaser took the same title and the same rights with it that he would have taken without any record at all.

The appellants rely upon sections 11 and 16 of an act concerning real property and the alienation thereof, approved May 6th, 1852. These sections read as follows:

"Sec. 11.  No conveyance of any real estate in fee simple, or for life, or of any future estate, and no lease for more than three years from the making thereof, shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time and in the manner provided in this act."    1 G. & H. 259.

"Sec. 16.  Every conveyance or mortgage of lands, or of any interest therein, and every lease for more than three years, shall be recorded in the recorder's office of the county where such lands shall be situated; and every such conveyance or lease not so recorded within ninety days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration."    1 G. & H. 260.

The precise question that is involved in the case under consideration has been considered and decided by this court in the case of *Meni* v. *Rathbone*, 21 Ind. 454, where, after quoting the above sections of the statute, it is said:   "The substance of this, it appears to us, is that an unrecorded deed is inoperative as against a subsequent purchaser in good faith, etc., for a valuable consideration without notice. What are our registry acts for?  To give notice of existing titles and incumbrances.  If the construction insisted upon by the appellants is correct, then a deed, etc., should not go upon the records, unless placed there within the time designated by the statute.  For it could be no notice to one who should purchase, even after it was so recorded.  This construc-

tion we cannot adopt; we think a man could not be considered as standing in the position of a purchaser in good faith, who should buy and take title in view of a recorded deed of an already outstanding title; but that he would be buying with notice; that is, that the record would be notice to subsequent purchasers. We are not now considering the effect of a purchase after the expiration of the ninety days and before the deed was placed upon the records; but of one made after it was so recorded. And, therefore, the whole question is whether such record is any notice, or rather, is it sufficient notice, or should actual notice be given, of said outstanding title, under said eleventh section, to make it effectual? We are of opinion that such record is notice to purchasers who may take title after the same is made."

While the above construction seems to be in conflict with the express words of section 16, which declares that a deed, etc., which shall not be recorded within ninety days from its execution, shall be fraudulent and void as against subsequent purchasers and mortgagees in good faith and for a valuable consideration, it is so reasonable, and the consequences would be so disastrous of giving the statute a literal construction, that we are inclined to adhere to such construction. Besides, it can hardly be said that a person is a purchaser in good faith, who is chargeable with, and is bound to take notice of, the fact that there is a deed spread upon the records to another person for the lands that he is purchasing.

The deed was notice from the time when it was recorded. This view is sustained by elementary writers and adjudged cases, as is shown in 3 Washb. Real Prop. 287, and the cases there cited.

It is next claimed that the allegations of the complaint show that James Trisler had no interest in the controversy, and was an improper party; and that the court, therefore, erred in overruling the demurrer as to him.

In answer to this objection, it is only necessary to say, that the demurrer being a joint one, the court was bound either to sustain or overrule it as to all of the defendants.

If the complaint was good as to any of the parties demurring, there was no error in overruling it.

It is also maintained by the appellants that the facts stated in the complaint showed that the plaintiff below had abandoned the mill-dam and race, and that for this reason the demurrer should have been sustained to the complaint. We do not think so ; but if we thought otherwise, we would still be of the opinion that the demurrer was properly overruled. The plaintiff not only sought to have his title quieted to the easement, but to that portion of the land which had been conveyed to him absolutely and in fee simple. If the complaint was good for one purpose, it would have been error to sustain a demurrer to it because it was not good for another purpose. We are of the opinion that the court committed no error in overruling the demurrer to the complaint.

The next error assigned calls in question the correctness of the ruling of the court in sustaining the demurrer to the joint answer of the defendants in the court below. The counsel for appellants have argued, with much ability, that the facts stated in the answer conclusively show that the plaintiff below had abandoned the easement, and that he was estopped by his acts from asserting any claim against Robbins and Smith to the use of the mill-race.

We do not feel called upon, in the condition of the record, to consider and decide the questions discussed, for the reason that we are clearly of the opinion that the answer was bad for another reason, and that the judgment must be affirmed.

It is alleged in the complaint, and the deed which was filed with and made a part thereof sustains the allegation, that James Trisler had sold and conveyed to the plaintiff in fee simple one-half of an acre of land at the mill-dam, and two acres of land which are described by metes and bounds, and included the saw-mill and sash factory with the privileges of a mill-race and dam and crossing the farm from the mill to the dam for the purpose of repairs, not unnecessarily

damaging the fences and crops in making the repairs; and that the said James Trisler had subsequently sold and conveyed the entire tract of land, including the two acres and a half which had been conveyed in fee, as well as the privilege of the mill-race and dam and crossing the farm for the purpose of making repairs, to the appellant Robbins, without any reservation of the rights of the plaintiff; and that the said Robbins had, in like manner, sold and conveyed the said premises to the appellant Smith, who was in possession and claimed to be the absolute owner of the said premises; and that the conveyances from the said James Trisler to Robbins, and from Robbins to Smith, and the claim of title by the said Robbins and Smith, had cast a cloud upon his title which he asked to have removed and his title quieted.

The answer of the defendants purported, on its face and by its terms, to be an answer to the entire complaint, but it made no reference to the land which had been conveyed in fee, and only attempted to answer as to the easement which was set up and relied upon in the complaint.

We do not deem it necessary to cite authorities to establish the proposition, that an answer which assumes to answer the whole complaint, and only answers a part, is bad.   Conceding the truth of every fact alleged in the answer, and the conclusions of law drawn therefrom by the appellants, the plaintiff below was entitled to have the cloud removed from his title to the land which had been conveyed to him in fee, and his title quieted thereto.

We are of the opinion that the court committed no error in sustaining the demurrer to the answer.

The judgment is affirmed, with costs.

*R. Hill* and *G. W. Richardson,* for appellants.

*S. Stansifer,* for appellees.