## BRANNON ET AL. *v.* MAY.

DESCENT.— *Widow.— Statute Construed.*— Under section 27 of the statute of descents (1 G. & H. 296), the surviving wife does not take by descent as an heir, but by virtue of her marital relation.

SAME.—*Claim under Unrecorded Deed.*— A widow claiming under an unrecorded deed of conveyance of real estate executed to her husband will hold one-third of the real estate against subsequent purchasers for value who had notice of the unrecorded conveyance to her husband.

CONVEYANCE.—*Resulting Trust.*—If A. receives the money of B. for B.'s use and benefit, the investment of the same in real estate by A. and his taking the deed in his own name will create a resulting trust in favor of B.

SAME.—*Recitals in a Deed.—Notice.*—Where recitals in a deed of conveyance of real estate show that the grantor purchased the real estate as the agent of the grantee, and that he held the title in trust for the grantee, and that the grantee recognized and adopted the acts of the grantor as his agent, and gave his assent to the trust, and received the benefits thereof by accepting the deed of the grantor, the grantee is chargeable with any notice or knowledge possessed by the grantor affecting the title to the real estate conveyed.

Brannon *et al. v.* May.

NOTICE. — *Principal and Agent. — Trustee and Beneficiary.* — Notice to an agent is notice to his principal, and notice to a trustee is notice to his beneficiary.

PRACTICE. — *Motion for Judgment on Special Finding. — Motion for New Trial.* A motion for judgment on special findings, notwithstanding the general verdict, may be made, without losing the right to afterward move for a new trial.

APPEAL from the Marion Common Pleas.

BUSKIRK, J.—This was an action for the partition of certain real estate in the city of Indianapolis, brought by the appellee, Sinah May, who was the widow of Allen May, deceased, against the heirs at law of said Allen May, and Patrick Brannon and his wife Judy, and Michael Brannon, and James Brannon.

During the progress of the cause, the death of James Brannon was suggested; but as his interest in the land, upon his death, devolved upon the other Brannons who were parties, no new parties were made.

The facts in the cause, as gathered from the evidence, are substantially as follows:

On the 25th day of August, 1855, one Alexander Jones, who then owned the land, conveyed the same to Allen May. This deed from Jones to May was not recorded until June 29th, 1860. On the 27th day of February, 1856, Jones conveyed the property to Patrick Brannon, and the deed was recorded within a few days after its execution. The deed from Jones to Patrick Brannon was executed in consideration of the sum of five hundred dollars, which Patrick Brannon had lent to Allen May, and the deed was taken from Jones instead of May, by the procurement of May, in order to avoid any liens upon the property as against May. Patrick Brannon had full notice that the property had been conveyed to May, and that the deed was still in existence and in the possession of May. No consideration passed from Brannon to Jones for the property. The money which Patrick had lent to May belonged to Michael and James Brannon, the two sons of the said Patrick, which had come to them from the estate of their grandmother, and

which Patrick then had in his hands and held in trust for said Michael and James. The purchase was in reality made for Michael and James, and the deed was inadvertently taken in the name of Patrick. The conveyance from Patrick to Michael and James was made on the 19th of September, 1857. Such conveyance was not based upon any new consideration moving from Michael and James to Patrick, but the sole purpose, as expressed therein, was to vest in them the legal title, they already having the equitable title to such property, the same having been purchased with their money and for their use and benefit.

Allen May died on the 19th day of July, 1860.

On these facts, the jury trying the cause found and the court adjudged, over a motion by the Brannons for a new trial, that the widow, Sinah May, was entitled to an undivided one-third of the premises, Michael Brannon to one-third, and the heirs of James Brannon to one-third.

The Brannons claim the entire property, to the exclusion of the widow. It is not disputed that Michael and James Brannon were purchasers for a valuable consideration. A precedent debt would seem to be a valuable consideration for the conveyance of real estate. *Work* v. *Brayton*, 5 Ind. 396.

Regarding Michael and James Brannon as such purchasers, the question arising upon the facts is reduced to narrow limits. They claim title through their father, and he through Jones, who, it is conceded, was the owner of the property.

The deeds from Jones to Patrick, and from Patrick to Michael and James, were duly recorded before the deed from Jones to May was recorded. Can the widow, claiming under an unrecorded deed to her husband, hold one-third of the property, as against them?

To answer this question, we must look to the statutory provisions bearing upon it. We have the following provisions in the statute of descents, 1 G. & H. 294, 296:

"Sec. 17. If a husband die testate, or intestate, leaving a widow, one-third of his real estate shall descend to her in

fee simple, free from all demands of creditors: Provided, however, That where the real estate exceeds in value ten thousand dollars, the widow shall have one-fourth only, and where the real estate exceeds twenty thousand dollars, one-fifth only as against creditors."

"Sec. 27. A surviving wife is entitled, except as in sec. 17 excepted, to one-third of all the real estate of which her husband may have been seized in fee simple, at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law; and also of all lands in which her husband had an equitable interest at the time of his death: Provided, That if the husband shall have left a will, the wife may elect to take under the will instead of this or the foregoing provisions of this act."

It is argued by the counsel for the appellants, that, inasmuch as the surviving widow takes one-third of the real estate as heir to her husband, and inasmuch as the husband had no right to the property in question at the time of his death, there was nothing in him for the widow to inherit.

We have held, in the case of *May* v. *Fletcher*, 40 Ind. 575, that under section 27 of the statute, above quoted, the surviving wife does not take by descent as an heir, but in virtue of her marital relation.

By that section she is entitled to one-third (save as therein excepted) of all the real estate of which her husband was seized in fee simple at any time during the marriage, in the conveyance of which she has not joined, although the husband may have conveyed it, or it may have been sold upon execution against him. The heirs generally of the husband, of course, take nothing in such estate. We are entirely satisfied with the ruling in the above case, and the reasoning by which it is supported.

The fact that the husband did not die seized of the property is no reason why the widow may not take the interest claimed by her.

If Michael and James Brannon are not purchasers for

value and without notice of the conveyance from Jones to May, we are quite clear that the widow's claim is valid, against them. If Michael and James are not protected by reason of being purchasers for value and without notice, the case is very similar to that of *Sutton* v. *Jervis*, 31· Ind. 265.

We proceed to inquire whether Michael and James Brannon are purchasers for value and without notice of the conveyance from Jones to May.

We have the following statute:

" No conveyance of any real estate in fee simple, or for life, or of any future estate, and no lease for more than three years from the making thereof, shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by deed recorded within the time and in the manner provided in this act." Sec. 11, 1 G. & H. 259.

Section 16 of said act provides, that " every conveyance or mortgage of lands, or of any interest therein, and every lease for more than three years, shall be recorded in the recorder's office of the county where such lands shall be situated ; and every such conveyance or lease not so recorded within ninety days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration." 1 G. & H. 260.

It is declared by section 11, above quoted, that a deed of conveyance in fee simple, or for life, or of any future estate, shall be valid and effectual against the grantor, his heirs and devisees and persons having notice thereof, although it may not be recorded within the time and in the manner provided in section 16 of said act. The deed from Jones to May was valid and effectual as against Jones, his heirs, and devisees and persons having notice thereof, although not recorded.

It is provided by section 16 of said act, that such deed was fraudulent and void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration,

unless the same was recorded within ninety days from the execution thereof.

It was held by this court, in *Meni* v. *Rathbone,* 21 Ind. 454, that "the record of a conveyance, which was not recorded within the period prescribed by law, but was recorded there-after, would constitute notice to all purchasers after the conveyance was so placed upon the record."

The ruling in the above case was adhered to in the case of *Trisler* v. *Trisler,* 38 Ind. 282.

It is claimed by counsel for appellants, that Michael and James Brannon were purchasers of the property in dispute for value and without notice that Jones had conveyed it to May.

It is, on the other hand, insisted by counsel for the appellee, that Patrick Brannon took the conveyance from Jones with full knowledge that he had previously conveyed the same to May; that Patrick, in making such purchase and in taking such conveyauce, acted as the trustee or agent of Michael and James; that he made the purchase with their means and for their use and benefit; that notice to the agent or trustee is notice to the principal or beneficiaries; that if one assumes to act as agent of another, and causes an act to be done for him of which the latter afterward takes the benefit, he must take it charged with notice of such matters as appear to have been at the time within the knowledge or recollection of the agent.

It was found by the jury, in answer to a special interrogatory submitted to them, that at the time Jones conveyed the property to Patrick Brannon, he had full knowledge that Jones had previously conveyed such property to Allen May.

We proceed to inquire whether Patrick Brannon, in making said purchase and in taking such conveyance, acted as the trustee or agent of Michael and James, and whether such purchase was made with their means and for their use and benefit.

Michael and James Brannon claim title to the property by virtue of the deeds of conveyance from Jones to Patrick

and from Patrick to them. These deeds were read in evidence. The deed from Jones to Patrick was in the ordinary form of warranty deeds. The deed from Patrick to Michael and James was as follows:

" Whereas Margaret Sullivan, by her last will and testament, bequeathed to James Brannon and Michael Brannon, the children of Patrick Brannon and Judy Brannon, his wife, and the grandchildren of Margaret Sullivan, the sum of six hundred dollars, which was paid to the said Patrick for the use and benefit of James and Michael; and whereas said sum so received was invested in the purchase of the real estate hereinafter described, and the deed thereto was made to said Patrick, instead of the said James and Michael;

" Now, therefore, to the end that said property shall be held by said James and Michael, to whom the same property belongs, the said Patrick Brannon and Judy Brannon, his wife, residing in the county of Marion and State of Indiana, in consideration of the above recited facts, do hereby convey and warrant to the said James Brannon and Michael Brannon and their heirs and assigns forever, the above mentioned real estate, which is situated in the county of Marion and State of Indiana, and is particularly described as follows, to wit: The west half of lot number twenty-six (26) as marked and described on Samuel Henderson's recorded plat of his addition to the city of Indianapolis, being a part of the east half of the north-east quarter of section thirty-five (35), township sixteen, north of range three east,—said part of said lot hereby conveyed containing one acre, more or less.

" In witness whereof, the said Patrick Brannon and Judy Brannon, his wife, have hereunto set their hands and seals this nineteenth day of September, A. D. 1857.

his<br>
"Patrick &#9587; Brannon,  [SEAL]<br>
mark.<br>
her<br>
"Judy &#9587; Brannon,  [SEAL]<br>
mark.

"Witness, C. C. Hines."
The above deed was duly acknowledged and recorded.

The receipt of the money of James and Michael Brannon by Patrick, for their use and benefit, his investment of the same in the property in dispute and his taking the deed in his own name, created a resulting trust in their favor. Mr. Story says:

" The most simple form, perhaps, in which such an implied trust can be presented, is that of money, or other property, delivered by one person to another, to be by the latter paid or delivered over to and for the benefit of a third person. In such a case the party so receiving the money, or other property, holds it upon a trust; a trust necessarily implied from the nature of the transaction, in favor of such beneficiary, although no express agreement has been entered into, to that effect."

He proceeds to say, however, that "the trust is not, under all circumstances, absolute ; for if the trust is purely voluntary, and without any consideration, and the beneficiary has not become a party to it by his express assent after notice of it, it is revocable ; and if revoked, then the original trust is gone, and an implied trust results in favor of the party who originally created it." Story Eq. Jur., sec. 1196, and authorities there cited.

In the case in judgment, James and Michael became parties to it by their express assent, for they recognized Patrick as their trustee or agent and received the benefits of such trust.

It is settled that if one assume to act as the agent of another, and cause an act to be done for him of which the latter afterward takes the benefit, he must take it charged with notice of such matters as appear to have been at the time within the knowledge and recollection of the agent. *Hovey* v. *Blanchard,* 13 N. H. 145 ; *Hiern* . v. *Mill,* 13 Ves. 120 ; *Jennings* v. *Moore,* 2 Vern. 609 ; *Brotherton* v. *Hatt,* 2 Vern. 574 ; 2 Livermore Agency, 236–7 ; Story Agency, sec. 131.

James and Michael Brannon claim title under and by virtue of the deed from Patrick to them. There are certain

recitals of facts in such deed. They are, that Patrick received six hundred dollars which belonged to James and Michael; that he invested the same in the purchase of the premises in controversy and took the conveyance in his own name, when the property properly and really belonged to them; and that the conveyance was made for the purpose of vesting in them the legal title, they being the equitable owners thereof.

Are such recitals binding and conclusive upon James and Michael and their privies in blood and estate? Herman Estoppel, 251, says:

"In regard to recitals in deeds, all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest of the land; if it be a deed of conveyance, binding both parties and privies, privies in blood, privies in estate, and privies in law. Between such parties and privies the deed or other matter recited need not at any time be otherwise proved. The recital of it in the subsequent deed being conclusive. It is such conclusive evidence that it can not be averred against, and which forms a muniment of title." See Bigelow Estoppel, from page 295 to 318, and authorities there cited.

It was held by this court, in *Wiseman* v. *Hutchinson*, 20 Ind. 40, that where a subsequent purchaser might learn the existence of a vendor's lien by examining the title deeds which constitute necessary links in the chain of his own title, he will be chargeable with notice of the existence of such lien, although he may not have actually examined those deeds, and they may not have been recorded.

It is well settled by the authorities referred to in the note to the above case, that the purchaser of real estate is presumed to have examined the deeds necessary to make out his chain of title, and under which he claims, and is bound by the recitals in such deeds. See also 2 White & T. Lead. Cas. 132, and the numerous cases there referred to.

If a purchaser is bound by the recitals in the prior deeds which constitute his chain of title and under which he claims,

surely it will not be controverted that he is bound by the recitals in a deed to himself.

The recitals in the deed from Patrick to James and Michael conclusively show that Patrick acted as their agent in the purchase of the property, and that he held the same in trust for them, and that they recognized and adopted his acts as their agent, gave their express assent to the trust, and received the benefits thereof.

It remains to inquire whether notice to an agent or trustee is notice to the principal or the beneficiary.

It is well and firmly settled by the whole weight and current of authorities, that notice to an agent is notice to the principal, and that notice to a trustee is notice to the beneficiary, and in support of this proposition we refer to the following elementary works and adjudged cases:

Story Eq. Jur., sec. 408; Adams Eq. 157; Sugden Vendors, 756; 3 Washb. Real Property, 283; 2 White & T. Lead. Cas. 163; *Myers* v. *Ross*, 3 Head, 59; *Hough* v. *Richardson*, 3 Story, 659; *Bracken* v. *Miller*, 4 Watts & S. 102; *Astor* v. *Wells*, 4 Wheat. 466; *Hovey* v. *Blanchard*, 13 N.H. 145; *Barnes* v. *M'Clinton*, 3 Penn. 67; *Jackson* v. *Sharp*, 9 Johns. 163; *Jackson* v. *Winslow*, 9 Cow. 13; *Jackson* v. *Leek*, 19 Wend. 339; *Westervelt* v. *Haff*, 2 Sandf. Ch. 98; *Griffith* v. *Griffith*, 9 Paige, 315; *Blair* v. *Owles*, 1 Munf. 38; *The Bank of the U.S.* v. *Davis*, 2 Hill N. Y. 451; *Watson* v. *Wells*, 5 Conn. 468; *Lessee of Henry* v. *Morgan*, 2 Binn. 497; *Ross* v. *Houston*, 25 Miss. 591.

It is said in *Jackson* v. *Sharp*, *supra*, that "there is no doubt that if a subsequent purchaser has notice, at the time of his purchase, of a prior unregistered deed, it is the same to him as if it had been registered. It is not a secret conveyance by which he can be prejudiced or defrauded; and if he purchases with knowledge of such prior deed, and with the expectation of getting his deed first registered, he does an act against good conscience, and in abuse of the statute, which was made to prevent, and not to protect, fraud. It is,

therefore, a well settled principle, that such notice supplies the place of a prior registry."

We therefore hold that Mrs. May is the owner in fee simple of one-third of the said premises, and that the court committed no error in overruling the motion for a new trial.

There were answers of the jury to particular questions of fact propounded to them, and before moving for a new trial, the appellants moved for judgment in their favor on the special findings, which motion was overruled. The counsel for appellee claim that the motion first made cut off the motion for a new trial. Several authorities are cited to show that a motion in arrest of judgment cuts off a motion for a new trial; but we are not aware of any holding that a motion for judgment in one's favor on the special finding of the jury works such a result. We think where there is a general verdict with special findings by the jury in answer to questions propounded to them, the party against whom the general verdict is returned may move for judgment in his favor on the special findings, notwithstanding the general verdict, without losing his right to move for a new trial in case his motion for judgment should be overruled. The doctrine that a motion in arrest of judgment cuts off a motion for a new trial, though well settled in this State, is somewhat technical, and we are not disposed to extend it to cases of motions like that under consideration.

The judgment is affirmed, with costs.

*J. Hanna* and *F. Knefler*, for appellants.

*L. Barbour* and *C. P. Jacobs*, for appellee.