No. 9041.

## RONAN ET UX. *v.* MEYER.

PRACTICE.—*New Trial.—Verdict.*—A motion for judgment on the answers
to special interrogatories, notwithstanding a general verdict, does not
preclude a subsequent motion for a new trial.

DEED.—*Delivery.—Title.—Recording.*—An unconditional delivery of a war-
ranty deed by the grantor to the grantee passes the title to the real estate,
whether the purchase-money be paid or secured or not, and the deed may
be recorded without the grantor's consent.

Ronan *et ux. v.* Meyer.

ADVERSE POSSESSION.— *Vendor and Vendee.*—The mere continued possession of the vendor of lands is not adverse to his vendee.

SAME.—*Judicial Sale.*—Adverse possession of lands does not affect a judicial sale thereof.

INSTRUCTIONS.—*Harmless Error.*—An erroneous instruction to the jurors, as to the law of the case, provided they find certain facts, is harmless if it appear by special findings that such facts were not found.

From the Vigo Circuit Court.

*D. C. Mitchell, D. N. Taylor, G. W. Kleiser* and *J. H. Kleiser,* for appellants.

*W. E. Hendrich* and *T. W. Harper,* for appellee.

BICKNELL, C. C.—James Ronan and wife, by warranty deed, dated February 18th, 1873, conveyed to Edward A. Wilbert a house and lot in Terre Haute, subject to a mortgage for $500, payable to Chauncey Rose. Wilbert mortgaged the property to a building and loan association, of which Ronan was a member, and with the money thereby obtained paid off the Rose mortgage. Upon a foreclosure of the mortgage and sale by the building and loan association, the property was bought by William E. Hendrich, who took from the sheriff a certificate of purchase, and assigned the same to John B. Meyer, to whom the sheriff made a deed of the property, dated March 18th, 1879, and recorded the same day. Ronan and wife were in possession of the property at the date of the deed to Wilbert, and have remained in possession ever since. The appellee John B. Meyer brought this action against Ronan and wife for possession and damages. The complaint was in the statutory form. The defendants answered jointly by a general denial. A jury trial resulted in a verdict for the plaintiff, with one dollar damages. With their verdict the jury returned answers to interrogatories as follows:

"Question 1. Did Ronan and wife leave the deed they had made to Wilbert with Marcus Shoemehl at the time the deed was made? Ans. No.

"Question 2. Was the deed from Ronan to Wilbert left with Marcus Shoemehl as an escrow? Ans. No.

"Question 3. If the deed from Ronan to Wilbert was left with Shoemehl, and not as an escrow, for what purpose was it left? Ans. It was not left.

"Question 4. By whom was the deed from Ronan to Wilbert put on record? and was the said deed put on record with the knowledge and consent of Ronan? Ans. It was, by Wilbert, without the knowledge and consent of Ronan.

"Question 5. If the deed from Ronan to Wilbert was left as an escrow, were the conditions of the escrow fulfilled before the said deed was put on record? Ans. No conditions.

"Question 6. Did Wilbert pay Ronan any money for the lot in controversy, or did he ever make any notes or mortgage to Ronan to evidence or secure the purchase-money therefor? Ans. He did not."

The defendants moved for a judgment upon the special findings, notwithstanding the general verdict; this motion was overruled and judgment was rendered on the verdict. The defendants moved for a new trial and this motion was overruled. The defendants appealed, assigning as errors:

1. Overruling appellants' motion for judgment on the special findings.

2. Overruling the motion for a new trial.

The appellee claims that, by moving for judgment on special findings, the right to move for a new trial is lost; but this is a mistake. *Brannon* v. *May,* 42 Ind. 92.

There was nothing in the special findings inconsistent with the general verdict. In the verdict the jury found, substantially; that Wilbert became the owner of the property by a deed therefor, duly executed and delivered to him by Ronan and wife, who were in possession when they made the deed.

Marcus Shoemehl was the conveyancer who drew the deed. The special findings are, that, at the time the deed was made, it was not left with him as an escrow, and was not left with him at all, and that there were no conditions to be fulfilled

before the deed should be put on record; the other special findings, to wit, that the deed was recorded by the grantee without the grantor's knowledge and consent, and without payment of or security for the purchase-money, are immaterial; where there is an unconditional delivery of a warranty deed by the grantor to the grantee, the title passes, whether the purchase-money be paid or secured or not, and the deed may be recorded without the grantor's consent. There was no error in overruling the motion for judgment upon the special findings.

The first and second reasons for a new trial are that the verdict is not sustained by sufficient evidence, and is contrary to law.

The possession of the grantor is not adverse to the grantee or those claiming under him. *Rowe* v. *Beckett,* 30 Ind. 154; and judicial sales are not affected by adverse possession. *McGill* v. *Doe,* 9 Ind. 306.

The defendants' principal defence was, that there was no delivery of the deed to Wilbert by Ronan and wife, and there was testimony tending in that direction; but Shoemehl, the conveyancer, a disinterested witness, testified as follows: "I wrote the deed from Ronan and wife to Wilbert, and took the acknowledgment of it at my house; as for the contract between the parties, I have no knowledge; in writing the deed I asked the parties what consideration to insert, and they told me $1,500; there was no money paid or handled; after the execution of the deed I am of the impression that I gave the deed to Wilbert, and that he put it in his pocket in the presence of Ronan and wife; I have no knowledge of anything being said that I should hold the deed as an escrow until the money should be paid or settlement made; Ronan never came to me from the time the deed was executed until after Wilbert had gone, and claimed that I was to hold the deed as an escrow; if the deed had been left with me as an escrow I would not have delivered it unless I had been instructed to do so, nor unless the conditions had been complied with; all the

parties were together in the room; very little was said; they all came together."

Where there is evidence tending to support the verdict, the judgment can not be set aside upon the preponderance of evidence. *Ryan* v. *Begein,* 79 Ind. 356; *Becker* v. *Denmure,* 78 Ind. 147. The first and second causes for a new trial can not be sustained.

The third reason for a new trial is the refusal of the court to permit the defendant James Ronan to answer the following question: "Did you have any conversation with Edward A. Wilbert before going to Shoemehl's to have the deed drawn? if so, state what, if anything, was said about the payment of the purchase-money, or as to the time the deed should be delivered?" The defendants' counsel stated at the time that the object of the question was to elicit evidence to show the agreement between Wilbert and defendant, and their mutual understanding and intention that the deed was not to be delivered until the purchase-money was paid or secured.

The title of the appellee, as shown by the evidence, could not be impaired by any secret agreement between Ronan and Wilbert prior to the execution and delivery of the deed, even although that agreement were violated by Wilbert.

There was no error in excluding the proposed question.

The fourth reason for a new trial is error of the court in giving the following instruction: "So, if you should find from the evidence that the deed from the defendants to Wilbert was first delivered as an escrow, and Ronan, the husband, permitted Wilbert to mortgage the property to the loan association and procure money to pay off the Rose mortgage mentioned in the deed from Ronan and wife to Wilbert, this would be a waiver of the conditions, and would render the deed absolute and binding on both parties."

This instruction was given at the request of the plaintiff. It undertook to state to the jury the legal effect of certain facts in case the jury should find that the deed was an escrow. But the record shows that the jury found that the deed was

not an escrow; the circumstance never arose upon which the instruction was to operate; therefore, even if the instruction were erroneous, it could have done no harm.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.