No. 11,002.

## LESLIE *v.* MERRICK ET AL.

MORTGAGE.—*Description of Lands.*—*Complaint.*—*Foreclosure.*—A mortgage of lands described as "all the lands owned by the mortgagor" can be made certain by evidence *aliunde*, and therefore is not void; and a complaint to foreclose, describing the lands specifically, and averring that these were all the lands owned by the mortgagor, is, in that respect, sufficient.

PRACTICE.—*New Trial.*—*Waiver.*—*Special Finding.*—*Verdict.*—A motion for a new trial is not a waiver of a motion for judgment on facts specially found in answer to interrogatories, notwithstanding the general verdict.

MORTGAGE.—*Execution.*—*Fraud.*—One who, being illiterate, executes a mortgage without knowledge of its contents, no fraud being shown, can not contest its validity on that ground, nor can his grantee who purchases with knowledge of the mortgage.

From the Pike Circuit Court.

*J. E. McCullough* and *J. W. Wilson*, for appellant.

*E. A. Ely* and *F. B. Posey*, for appellees.

HAMMOND, J.—Suit by appellant against appellees upon a note and mortgage executed by the appellee McKnight, and his wife Mary Jane McKnight, to the appellant. The note and mortgage were given May 1st, 1869, to secure the payment of $950, payable one year after date, with interest at ten per cent., and attorney's fees, and waiving the benefit of appraisement laws. It is alleged that the mortgage was recorded May 15th, 1869. Two tracts of land are attempted to be described in the mortgage; one as containing sixty-seven acres, which was owned by McKnight and his wife at the time of

Leslie v. Merrick et al.

the execution of the mortgage; and the other as containing sixty-one acres, which was owned by the wife at the time named. Averments are made in the complaint to the effect that the lands thus attempted to be described were the only real estate owned by the mortgagors, or either of them, when the mortgage was given. The complaint avers that McKnight and wife, after the execution of the mortgage, conveyed the tract of sixty-one acres to the appellee Merrick, "who, at the time he accepted said conveyance, well knew of the existence of said mortgage, and of the real estate thereby mortgaged and intended to be mortgaged, and he accepted said conveyance subject to said mortgage, and, in part consideration for said conveyance, he assumed the payment of said mortgage." The complaint also alleges "that the said defendant William L. Merrick also claims to have some interest in the tract of land hereinbefore first described, and averred to belong to said John and Mary Jane McKnight, but plaintiff avers that in truth the said Merrick has no interest therein whatever, and he is made a party herein to answer (as to) what interest he claims." The death of Mary J. McKnight, after the execution of the mortgage, is alleged, as is also the subsequent death of her daughter and only child, who died without issue, but leaving surviving her husband, the appellee Fillmore Jerauld.

There were allegations in the complaint made for the purpose of having the mortgage reformed on account of supposed mistakes in the descriptions of the real estate; but the view we take of the case renders the consideration of this branch of it unimportant.

The defendants, except Merrick, made default. After demurring unsuccessfully to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against him, he answered in nine paragraphs, substantially as follows:

1. By the general denial.

2. Admitting the execution of the note and mortgage by Mc-

Knight and wife; denying the defendant's assumption of its payment; and alleging that the note and mortgage were given for $950, the supposed indebtedness of McKnight to the appellant, when, in fact, such indebtedness amounted to only $400.

3. Want of consideration for the note and mortgage.

4. Claiming that the defendant owned the sixty-seven acres of land in controversy; that the same was conveyed to him by parties other than McKnight and wife, and that neither McKnight nor his wife ever had any title thereto.

5. That the tract of sixty-one acres was the separate property of McKnight's wife; that the mortgage as to her was without consideration; that after the execution of the mortgage McKnight and his wife conveyed this land to the defendant for the sum of $1,500, and that since such conveyance McKnight and his wife have been insolvent.

6. Not materially different from the fifth.

7. Payment.

8. That the sixty-one acres belonged to McKnight's wife who could not read or write; that she was, by the plaintiff's fraud, induced to execute the mortgage under the belief that it did not include the sixty-one acres, and that it was given to secure only the sum of $400.

9. Set-off for money had and received by the plaintiff from McKnight.

The second, fourth, fifth, sixth and eighth paragraphs of answer purported to answer the complaint only partially.

No demurrer was filed to the answer, and while the sufficiency of the several paragraphs need not be considered, it may be observed that the fifth and sixth are manifestly bad, as, at the time of the execution of the mortgage, there was no inhibition in the law against a married woman joining with her husband in a mortgage upon her own real estate to secure the payment of a debt due from him. *Hubble* v. *Wright*, 23 Ind. 322. The appellant replied to the answer:

1. By the general denial.

2. Payment as to the ninth paragraph of the answer.

3. Former adjudication, resulting adversely to the defendant, as to the second, third, fourth, fifth, seventh, eighth and ninth paragraphs of his answer.

There was a trial by jury who returned a general verdict for Merrick, with answers to interrogatories, which had been submitted by the court at the request of the parties. Appellant moved for judgment in his favor on the special findings, notwithstanding the general verdict, and also for a new trial. The cause was continued for the term without disposing of either motion. The court at the next term overruled the motion for a new trial, to which appellant excepted, and then renewed his motion for judgment on the special findings, which was also overruled, and an exception was reserved to the ruling. Judgment was then rendered in favor of Merrick for costs.

The rulings upon the appellant's motions for a new trial and for judgment upon the special findings are assigned for error.

The appellee Merrick assigns as cross error the overruling of his demurrer to the complaint. The question presented by the assignment of such cross error will be first considered. .

It is objected to the complaint that the mortgage is void for want of sufficient description of the real estate. The mortgage describes the land as being in Pike county, this State. The mortgagors are also mentioned in the mortgage as being residents of that county. A description of the sixty-seven acres is attempted in the mortgage by giving a place of beginning, courses and distances, and referring to visible monuments; but the description thus attempted is, perhaps, too uncertain to answer any practical purpose as a means, by itself, of identifying said sixty-seven acres. Immediately following the imperfect description of the sixty-seven acres the following language occurs respecting the sixty-one acres: "Also 61 acres, including the dwelling-house, a part of survey No. 13, town. 1 north, range 9 west." This description of

the sixty-one acres is obviously insufficient. But following it there occurs in the mortgage the following general description of all the real estate mortgaged, and evidently intended to cure the imperfections in the previous descriptions : ". That it [is] intended to mortgage all the land of John and Jane McKnight except a —— conveyed to Goodlet Morgan."

Here, then, we have in the mortgage two tracts of land referred to, one containing sixty-seven acres and the other sixty-one acres, and both in Pike county, Indiana, as being all the real estate owned by the mortgagors. The complaint describes two tracts of land, respectively containing the number of acres mentioned, and avers that the same were the only real estate owned by the mortgagors at the time the mortgage was given. We think that the descriptions in the mortgage were such as might properly be aided by the averments of the complaint, and, as thus aided, might be established by extrinsic evidence. That is certain which can be rendered certain. A deed or mortgage of all the real estate of the grantor or mortgagor is good without any further description, because the real estate conveyed or mortgaged can be ascertained by evidence *aliunde*. *Parker* v. *Teas*, 79 Ind. 235; *Wilson* v. *Boyce*, 92 U. S. 320; 1 Jones Mort., section 65. In *English* v. *Roche*, 6 Ind. 62, it was said: "The description is sufficient whenever the land intended to be mortgaged can be ascertained by it."

It was plain by the mortgage that McKnight and his wife intended to mortgage a tract of sixty-seven acres and also a tract of sixty-one acres—all the land owned by them in Pike county. Supposing that they owned two such tracts of land in that county, and no other land, the real estate mortgaged could easily be ascertained. The averments of the complaint come to the assistance of the mortgage, by definitely describing the two tracts of land, averring that they were owned by the mortgagors when the mortgage was executed, and that they then owned no other real estate. There was no error in overruling the demurrer to the complaint.

We will next consider the alleged error of overruling appellant's motion for judgment upon the special findings.

Appellee insists, however, that no question upon this ruling is before us. His position is that the appellant, by moving for a new trial before there was a ruling upon his motion for judgment on the special findings, waived his motion for such judgment. *Dickson* v. *Rose*, 87 Ind. 103, is cited as supporting this view. In that case the court had stated its conclusions of law upon facts specially found, to which no exception was taken until after the party complaining of such conclusions had filed his motion for a new trial. It was held that the exception came too late, not having been taken at the time the decision was made as required by section 625, R. S. 1881. But in the present case the exception was taken to the overruling of the motion for judgment on the special findings as soon as it was made. This ruling was not announced until after the ruling on the motion for a new trial. A motion for judgment on the special findings, notwithstanding the general verdict, does not waive the right to afterward move for a new trial. *Brannon* v. *May*, 42 Ind. 92; *Indianapolis, etc., R. R. Co.* v. *McCaffrey*, 62 Ind. 552; *Ronan* v. *Meyer*, 84 Ind. 390. Nor do we think that a motion for a new trial precludes a subsequent motion for judgment upon the special findings. It was said, in *Brannon* v. *May*, *supra:* "The doctrine that a motion in arrest of judgment cuts off a motion for a new trial, though well settled in this State, is somewhat technical, and we are not disposed to extend it to cases of motions like that under consideration."

The record, we think, properly presents the correctness of the ruling in question.

We make the following summary of facts specially found by the jury in answer to interrogatories:

McKnight and wife executed the note and mortgage as alleged in the complaint to secure the purchase-money of the tract of sixty-seven acres, which had been conveyed by the appellant to the mortgagors. No part of the debt secured

by the mortgage was ever paid.   Appellant was not indebted to McKnight, in any amount, for money received from the latter.   A reasonable attorney's fee for foreclosing the mortgage was ten per cent. on the first $500 of the debt, five per cent. on the next $500, and two and one-half per cent. on the excess over $1,000.   At the time of executing the mortgage McKnight and his wife owned the sixty-seven acres of land as described in the complaint, and the wife owned the sixty-one acres as therein described, and these were all the lands then owned by them.   Appellant did not procure McKnight's wife to execute the mortgage by representing that the debt secured by it was only $400, nor by representing that her land was not embraced in it.   The mortgage was recorded May 15th, 1869.   After its execution, but before it was recorded, appellee Merrick purchased the sixty-one acres, but did so with actual knowledge of the existence of the mortgage. He also had a deed for the sixty-seven acres, which was executed by Catherine and William McKew on April 14th, 1870, which was after the recording of the mortgage.

The facts specially found fully sustain the material averments of the complaint, and are clearly against the appellee Merrick upon the special defences set up in his answer.   The mortgage was duly executed and recorded; the debt secured by it remains unpaid; there was no fraud in the procurement of the mortgage; no set-off against the debt; and all the claim that Merrick has to the real estate is subject to the mortgage. The special findings of fact by the jury in answer to interrogatories are inconsistent with their general verdict. In such case the special findings must control the general verdict, and judgment should be rendered accordingly.   Section 547, R. S. 1881; 1 Works Pr., section 861.

In addition to the facts above stated as found by the jury, they also found that McKnight's wife, when she executed the mortgage, could not read or write; that the mortgage was not read or explained to her, and that she did not know its con-

tents. They also found that she agreed to mortgage the sixty-seven acres owned by her and her husband, but the finding is silent as to whether she agreed to mortgage the sixty-one acres owned by herself. The above facts do not show that she was induced, by the fraud of any one, to execute the mortgage. As to the fraud charged against the appellant in Merrick's answer, the jury in effect found that it had no existence. Mrs. McKnight, as the jury found, executed the mortgage with her husband. It follows that she knew the instrument she was executing was a mortgage. If she did not go to the trouble of informing herself of its contents, and there was no fraud practiced upon her, as it seems there was not, she could not herself have had any defence on account of her *laches*, and, certainly, a subsequent grantee, who purchased with full knowledge of the mortgage, would be in no better situation to contest its validity. As it is not shown that Mrs. McKnight's execution of the mortgage was procured by fraud, neither she nor her grantee could defend on the ground of her illiteracy, and that she executed the mortgage in ignorance of its contents. *Montgomery* v. *Scott,* 9 S. C. 20 (30 Am. R. 1). Our statute provides that where a deed is signed with a mark, or where the officer before whom it is acknowledged has good cause to believe that the contents and purport of the deed are not fully known to the grantor, it is the duty of such officer to explain to the grantor the contents and purport of the deed, but the same statute also provides that the officer's failure to discharge his duty in this respect shall not affect the validity of the deed. Section 2948, R. S. 1881.

There was error in overruling the appellant's motion for judgment upon the special findings.

Reversed, at the costs of the appellee Merrick, with instructions to the court below to sustain appellant's said motion for judgment on the special findings, and to render a decree for the foreclosure of the mortgage for the amount, prin-

cipal and interest of the debt, with attorney's fees, as found by the jury, and for such of his costs as appellant may be entitled to recover.

NIBLACK, J., did not participate in the decision of this case.

Filed Dec. 12, 1884.   Petition for a rehearing overruled Feb. 13, 1885.

