Tilgiiman C. J.
John Frick, the plaintiff below, mad© title under John Frick, deceased, and gave in evidence, a warrant, for 400 acres of land, to Frederick Dorsch, dated, 5th August, 1785 i a receipt of the same date, for the purchase money, from the receiver general of the Commonwealth ; a deed poll, from F. Dorsch, to John Frick, deceased, dated, 8th August, 1785, but not recorded, till 1st July, 1810; and a survey of 400 acres, 16th October, 17'85. It was admitted, that the purchase money was paid by Jtfhn Frick, deceased. The plaintiff, also gave evidence, that the said John Frick, deceased, entered into articles of agreement, dated 16th January, 1793, for the sale of the whole tract to Jacob Bossert, and delivered him the possession, but Bossert, having failed to comply with the stipulated terms of payment, the said John Frick, brought an ejectment against him, and recovered the possession in the year 1804; ffom which time, the possession was retained by the said Frick, until after the making of the sale hereafter mentioned, by Samuel Quin, to John Fury. Evidence was also given, that the land in dispute, was discovered by Thomas Gaskins and Samuel Quin, who agreed with John Frick, deceased, that if he would be at the expense of taking it up, he should have one half of it, the other half to be equally divided between Gaskins an il Quin; and that é?úw/¿»z.s afterwards transferred the *91 right to his one-fourth part to tfie said Frick. On this evidence, the plaintiff would have been entitled to recover three-fourths of the land for which the ejectment was brought. The defendants claimed under the same warrant and survey ; they gave in evidence, a deed poll from the same F. Dorsch, to Samuel Quin^ dated lltn November9 1795, and a patent to John Fury, dated 27th February, 1796.' They proved also, that Fitry had made full payment to Quin, in money and promissory notes, but no part of the money or notes came to the hands of Frick. The plaintiff asserted-, that the deed poll to Quin, was a forgery, and the weight of evidence, was in favour of this assertion. But the defendants relied also, on evidence produced by them, tending to shew, that Frick had given a parol authority to Quin, to sell the whole tract of land, and that by his conduct, subsequent to the sale, he had ratified it. This w,as denied by the plaintiff, and evidence was given by both parties on this point. It was indeed, the turning point of the cause; because, granting that the deed from Dorsch to Quin was forged, yet if John Frick, knowing that to be the case, had authorised Quin, by parol, to make sale of the whole tract, and had subsequently affirmed the sale, he, and the plaintiff claiming under him, would be estopped from recovering in this suit. To this effect, the President of the Court, before whom the cause was tried, charged the jury, to whom he submitted the fact, whether Frick, by his subsequent conduct, had assented to the sale. In this, there was no error; but the defendant’s counsel, have pointed out certain other parts of the charge, in which they say there is error.
1, The Judge charged, that Frick was entitled to the warrant, because he paid the purchase money. The charge was, “ that the payment of the purchase money, gives an equitatable right to the warrant.”—The law has certainly been so held in th'is State. The forms of the land office, obliged persons who took up land, to make use, in many instances, of the names of others, and where it could be proved that this was the case, the person whose name was used has been considered as a trustee for him who paid for the land. This is the legal presumption, subject however to being rebutted by proof to the contrary.
2. The President took from the jury, the decision of the fact, “ whether Fury obtained the patent, with the assent of *92 Frick?” It appears to me, that this objection is ill founded in fact—the President did not take from the jury their right of decision; on the contrary, he told them, that if Frick, by conciuctj ^ad encouraged Fury to pay the purchase money, and to take out a patent, he would lose all his right, and that upon this point, the testimony of the plaintiff and the defendants was at variance.
3. The third exception, is to the President’s answer to the second question proposed by the counsel for the defendants. The question was this ; “ Whether a parol sale by an agent, was not as binding as a parol sale by the principal, and whether a parol authority to a partner, to sell, if fully proved, would not support a sale made by such partner, as agent 1” To this the Court answered, that “ a parol sale by an agent, would certainly be as good as by the principal; and that if a parol sale had been made by Frick, he would have been bound by a receipt for the purchase money; and if Quin had sold as his agent, if sanctioned by Frick, it would be good.” I can see nothing of which the defendant can complain, in this answer. It was as favourable as he had any right to expect. In fact, it was resting the cause on the only ground on which the defendant could hope to succeed.
4. The answer of the President to the defendants’ fourth question is also assigned for error. The question was this : «< If Frick authorised the sale by Quin, or agreed to it, after it.was made, then, whether it was not immaterial, whether the deed of Dorsch to Quin, was genuine, or forged ?” Answer, “ The law is, as stated by the counsel for the defendants ; but, in order to make a sale by parol authority good, it must be sanctioned by the principal, after the sale.” The first part of this answer, is directly in favour of the defendant, but he complains of the additions, or explanation, viz., “ that in order to make the sale under a parol authority good, it is necessary, that there should be a subsequent confirmation by the principal.” By our acts of assembly, an authority to sell land, must be in writing—therefore, if the sale had rested solely on the parol authority, it would have been void. How then can it be good, unless the principal does some act, after the sale, which either directly or indirectly, confirms the sale ? I throw out of consideration, cases of fraud, because there was no question of fraud alluded to in *93 this part of the charge. If possession had been delivered with the consent of Frick, it would have been sufficient. But without that, or some other act demonstrative of consent, and which might have been considered as carrying the contract, at least in part, into effect, the sale must have re- . , , . c mained invalid. I do not conceive, that the receipt ot money by Quin, would have been sufficient, if the money had never came to the hands of Frick, unless Frick had said, or done, something from which it might be inferred, that he assented to the payment to Quin, as his agent; and if he had done so, it would have been á subsequent confirmation, according to the charge of the Court, indeed, the very question put by the defendant’s counsel, supposes, that a subsequent assent is necessary ; for his words are these, “ if Frick either authorised the sale by Quin, or agreed to it, after it was made, then,” &c., so that in the answer given by the Court, they only affirmed the proposition contended for by the defendant.
Greenough and Carothers, for the plaintiffs in error,
cited Niven v. Belknap .(a) Ewing v. Tees.(b) Pow. on Cont. 305. M‘Knight v. Tingland.(c) Corry v. Caxton.(d) 5 Fin. Ab. 525. pi. 6. Id. 526. pi. 9. Heighter v. Sturman.(e) Syler v. Eckhardt.(f)
Hall and Burnside, for the defendant in error,
cited Sugden, 65. 72, 73. Act of fils t March, 1772.(g) Nicholson v. Mifflin.(h) 1 Fonbl. 165, 6. Meredith v. 3Iacoss.(i) l Bac. Ab. fiWils. Ed.) 314. Go. Litt. 44, 2 Rol. Ab. 8. Parker V. Kett.(j)
There were other errors assigned, but as they were given up, on the argument, I shall take no notice of them. I am of opinion, upon the whole, that there is no error, and therefore the judgment should be affirmed.
Judgment affirmed.