## Ward and Another *v.* Kelly.

In proceedings against a lunatic and a minor, to foreclose a mortgage, it is necessary that proof is made of the exhibits, and that the record shows that such proof is made.

ERROR to the *Tippecanoe* Circuit Court.

Smith, J.—In this case, a bill was filed by *Patrick Kelly*, to foreclose a mortgage executed by one *Robert Ward.* At the time the bill was filed, *Ward* was dead. The widow, who was a lunatic, and his heir, an infant, were made defendants. After service of process, guardians *ad litum* were appointed by the Court for each of them. The guardians answered in the usual form, requiring proof of the matters charged in the bill, and the Court thereupon set the case down for hearing on the bill, answers, and exhibits, and decreed in favor of the complainant the amount of the mortgage debt, with interest, and a sale of the mortgaged premises. The record does not show that any evidence was offered.

The decree must be reversed. Without deciding

whether the appointment by the Court of a guardian *ad litum* for a lunatic, is the proper course to be pursued in such cases, as to which we give no opinion, it was necessary that the exhibits should have been proved to have authorized their admission; and it should appear by the record that such proof was made. *Gallion* v. *McCaslin*, 1 Blackf. 95, n.—*Pell* v. *Farquhar*, 3 *id*. 331.—*Fellows* v. *Shelmire*, 5 *id*. 48.

*Per Curiam.*—The decree is reversed with costs, &c.

*D. Mace*, for the plaintiffs.

*G. S. Orth*, for the defendant.