Nov. Term,
1854.

ENGLISH
v.
ROCHE.

ENGLISH and Others *v.* ROCHE and Another, Administrators.

The description in a mortgage is sufficient whenever the land intended to be mortgaged can be ascertained by it.

A defendant in chancery can not object, on error, that other parties were improperly made co-defendants, when he has not been injured thereby.

Where persons are improperly made defendants to a bill, and no decree is taken against them, the complainant should be taxed with the costs occasioned by their being parties.

In a bill by administrators to foreclose a mortgage given to the intestate, they described themselves "as administrators of the goods," &c., "which were of" the intestate, giving his name and last residence. The bill also stated that on, &c., he died intestate, and that the complainants were duly appointed, &c. *Held,* that it sufficiently appeared that the complainants were administrators.

A husband may enter an appearance for his wife by attorney to an action.

The proper mode of showing that exhibits have been not proven, is by bill of exceptions.

Monday,
December 18.

.ERROR to the *Wabash* Circuit Court.

HOVEY, J.—*Robert English* and *Michael English,* being indebted to *Henry Ossum* in his lifetime, executed and delivered to him a mortgage on the following real estate in *Wabash* county, to secure the payment of the same, to-wit: "The upper section of the two sections lying west of the *Salamony* river, granted to *Susan Richardville* by *John Richardville* in his late will and testament, the section hereby sold lying and being on the south side of the *Wabash* river, opposite to the town of *Lagro,* and commencing at the mouth of the *Salamony* river, thence running down *Wabash* river, according to the survey made by the general government."

*Hannah English,* wife of *Robert,* and *Martha English,* wife of *Michael,* joined in the mortgage, which was acknowledged in due form.

After the execution and delivery of the mortgage, *Henry Ossum* departed this life intestate, and *John Roche* and *William Ossum* were duly appointed administrators of his estate.

The bill was filed to foreclose the mortgage, and at the *September* term, 1851, the record recites that the defen-

dants, *Michael English, Robert English, Hannah English* and *Martha English* appeared by their attorneys, *Cox* and *Connell*, and filed their general demurrer to said bill. The demurrer which follows is in the names of *Robert* and *Michael*, the names of their wives not being inserted. The demurrer was overruled, "and the defendants, *Robert English, Michael English, Martha English* and *Hannah English*, refusing to withdraw said demurrer, or further to answer said bill, the Court do now order, adjudge and decree that the matters and things set forth in said complainants' bill are true," and rendered a decree for the complainants for the sum of 5,731 dollars and 25 cents, payable in one hundred and eighty days, and in default of payment, that said mortgaged premises should be sold, &c.

The defendants below bring the case here on error, and insist that the decree should be reversed—

1. "Because the bill and mortgage do not sufficiently describe the premises."

We can not perceive anything in this objection. There is no apparent ambiguity in the description, and the land described can be easily found, and its boundaries ascertained. The description is sufficient whenever the land intended to be mortgaged can be ascertained by it. See *Mor.* v. *Dewey*, 3 N. H. 535.—*Buck* v. *Hardy*, 6 Greenl. 162.

2. "The bill makes *John Stewart, John P. Yelverton* and *Lycurgus Egerston* parties, without showing any interest they may have had in the matters in controversy."

There is no decree against them, and the other parties to the bill have no right to complain, as they have received no injury; but the complainants must be taxed with the costs occasioned by their being parties.

3. "The bill does not sufficiently show that the said defendants in error are the administrators of *Henry Ossum*, deceased."

There is nothing in this objection. The complainants describe themselves as "administrators of the goods and chattels, rights, credits, moneys and effects which were of *Henry Ossum*, late of *Huntington* county, deceased, who died intestate." The bill further states that "on or about

Nov. Term, 1854.

ENGLISH
v.
ROCHE.

HARVARD LAW SCHOOL LIBRARY

the 1st day of *October*, 1848, said *Henry Ossum* died intestate, and that your orators were duly appointed," &c.

4. " The decree could not be legally made until guardians *ad litem* were appointed by the Court for the wives of *Robert* and *Michael*."

Husbands have the right to enter appearances for their wives by attorney. 1 Dan. Ch. Pr. 217. The record shows they did so appear.

5. " The exhibits do not appear to have been proven."

The case of *Ward* v. *Kelly*, 1 Ind. 101, is considered as overruled by the reasoning in the case of *Brown* v. *Woodbury*, decided at the *May* term, 1854 (1). In the last-named case, the Court held that the proper mode of showing that exhibits had not been proven, is by bill of exceptions.

*Per Curiam.*—The decree is reversed as to the costs which accrued by reason of the joinder of *Stewart*, *Yelverton* and *Egerston* as defendants. The residue is affirmed.

*D. M. Cox*, for the plaintiffs.

(1) 5 Ind. R. 254.