No. 10,390.

## THOMAS v. MATHIS.

CONTRACT.—*Uncertainty.* — *Tender.* — *Demand.*—*Complaint.*—A contract as follows is not void for uncertainty because the farm is not described: "I have this day sold to W. B. T. all the corn on 200 acres on my farm now growing, at thirty cents per bushel, in crib; * * and I further agree to have corn * * in crib by January 1st, 1882. T. to pay $500 by November 1st, 1881, and balance of money by January 1st, 1882, or as soon as shelled and weighed." Signed " S. B. Mathis."

*Held,* in an action on such contract, that a proper description of the farm by averment was sufficient to identify the corn.

*Held,* also, that a complaint by the purchaser on the contract, showing that on the 1st of November, 1881, he went to the defendant's house to pay the $500, but could not make such payment or tender thereof because of the defendant's absence; that he then tendered it to his family and they refused it; that on the defendant's first return he tendered it and it was refused; that the defendant refused to keep his contract, and the plaintiff was at all times thereafter ready and willing to pay for the corn, and offered to perform, and that the defendant wholly failed to perform any part of his contract, is sufficient on demurrer, without alleging a specific demand, or that the tender was kept good.

SUPREME COURT.—*Rehearing.*—*Practice.*—Questions not presented by argument on the original hearing in the Supreme Court will not be considered on petition for a rehearing.

From the Warren Circuit Court.

*W. P. Rhodes, W. L. Rabourn, M. Milford* and *I. E. Schoonover,* for appellant.

*J. M. Rabb* and *C. V. McAdams,* for appellee.

FRANKLIN, C.—This suit was commenced by appellant against appellee upon the following written contract, dated July 25th, 1881 : " This is to certify that I have this day sold to W. B. Thomas all the corn on 200 acres on my farm now growing, at thirty cents per bushel, in crib, corn to be weighed on my premises, and said Thomas to have the use of my scales for weighing ; and I further agree to have corn all husked and in crib by January 1st, 1882. Thomas to pay $500 by November 1st, 1881, and balance of money by January 1st, 1882, or as soon as shelled and weighed.

"S. B. MATHIS."

Thomas *v.* Mathis.

A demurrer to the complaint was sustained, and judgment for costs was rendered upon the demurrer for the defendant. The ruling upon the demurrer has been assigned as error.

The first objection to the complaint is, that the contract does not contain any description of the land upon which the corn was growing, and that it was therefore void for uncertainty.

In the case of *Colerick* v. *Hooper*, 3 Ind. 316, where the contract was " I have this day sold my lot to Alexis Coquillard, on the plat in the town of South Bend ; on the plat of said town on the river bank," it was held that parol evidence was admissible to identify the particular lot intended to be conveyed, and that the contract was therefore sufficiently certain to be the foundation of a bill for specific performance.

In the case of *Torr* v. *Torr*, 20 Ind. 118, it was held : " If the contract states sufficiently every other fact required in such a contract by the statute of frauds, but fails clearly to identify the land to be conveyed, by an intelligible description, but contains a description which, so far as it goes, is consistent, such ambiguity may be explained and the defective description made complete by extrinsic parol evidence, provided the necessary averments are contained in the complaint."

In the case under consideration, the description of the land upon which the 200 acres of corn was growing is " my farm," and the complaint contains all the necessary averments to identify the land. Considering things certain which can be made certain, we think the complaint in this case establishes sufficient certainty as to the land upon which the corn was growing, and that the contract was not void for uncertainty.

It is further objected that the contract sued on is signed by the name, style and description of " S. B. Mathis," and the complaint nowhere avers that the defendant thus executed the contract.

The complaint, however, shows that the defendant did ex-

ecute the contract, and that is sufficient. Its execution could not be put in issue unless denied under oath. *Fee* v. *State, ex rel.,* 74 Ind. 66.

It is further objected that the complaint does not aver any demand for the corn. It, however, does allege that the plaintiff, at the proper time, went twice to the defendant's house to pay him the advance payment on the corn; that the defendant was absent and had left no person authorized to receive such payment; that he tendered it to the family, which was refused, and that he tendered it to the defendant upon his first return home, which was also refused. And that the defendant wholly refused to further keep the contract; that the plaintiff was ready and willing at the proper time to pay the advance payment, and continued so at all times thereafter, and at the maturity of the contract was ready and willing to pay the full contract price for the corn, and receive the same, but the defendant wholly failed and refused to keep any part of the contract. We think these allegations show a sufficient excuse for not averring any specific demand for the corn, and that the complaint was sufficient to withstand a demurrer. The court erred in sustaining the demurrer to the complaint.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to overrule the demurrer to the complaint and for further proceedings.

Filed Oct. 19, 1883.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—Appellee, in his petition for a rehearing, earnestly insists that the court erred in reversing the judgment of the court below. But, if the reversal is to stand, he

Thomas v. Mathis.

respectfully asks that the decision be made more full and explicit upon certain questions so that he may be better enabled to determine how to try the case again.

The first and second objections made by appellant in his petition for a rehearing, against the complaint, to wit, that the contract sued on is not averred to have been delivered by appellee to appellant, and is not averred to have been executed by appellee, were not presented in the original brief upon the former submission of the case.

Questions not presented at the original hearing will not be considered upon a petition for a rehearing. *Board, etc.,* v. *Hall,* 70 Ind. 469. See petition for a rehearing and the authorities therein cited.

The contract sued on was for the sale of "all the corn on two hundred acres on my farm now growing." We think this language substantially means, as was doubtless the intention of the parties, a sale of two hundred acres of corn then growing on appellee's farm, and that the contract is not void on account of uncertainty and indefiniteness.

The fourth objection is that appellant did not keep his tender good by bringing the money into court.

The suit is for damages for a breach of the contract, and not for specific performance. When appellant refused to keep the terms of the contract, appellee had the right to consider the contract violated, and sue for damages for its breach without keeping up the tender. The allegations of the complaint in this respect are sufficient on demurrer.

As to the demand for the corn, the allegations of the complaint show a sufficient excuse for not demanding the corn at the maturity of the contract.

The complaint alleges that on account of appellee's absence from home, and no other person being authorized to receive the same, and appellee's whereabouts not being ascertainable by him, he was unable to pay or tender to appellee, although he was ready, willing and endeavored so to do,

Thomas v. Mathis.

until the 3d day of November, 1881, when appellee returned to his home; that appellant then "tendered to him the $500 advance payment on the corn, which defendant refused to accept, and defendant refused then and at all times before the 1st day of January, 1882, and afterwards, to accept the money for or to deliver to the plaintiff said corn or any part thereof, under said contract, and refused to comply wholly with said agreement;" that the plaintiff was ready, willing and offered at all times to perform each and every part of his part of said agreement. The formal offer to receive, shell and weigh the corn at the maturity of the contract was waived by the defendant's refusal to keep any part of the contract.

We think the allegations in the complaint, in reference to the description of the land upon which the corn was growing at the date of the contract, are sufficient to identify the corn that was intended to be and was sold by the defendant to the plaintiff. The contract did not require such a description of the land as might be necessary to convey title to the land. It was only the corn that was being sold, and not the land, and such a description as would identify the corn is sufficient. And we think the description in the contract, on defendant's "farm," aided by the description of the land in the complaint according to the congressional surveys, was a sufficient identification of the corn to withstand a demurrer to the complaint.

The petition for a rehearing ought to be overruled.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the petition for a rehearing be and the same is overruled, at appellee's costs.

Filed Jan. 11, 1884.