Hannon *et ux. v.* Hilliard.

No. 11,952.

## HANNON ET UX. *v.* HILLIARD.

PLEADING.—*Reference to Another Paragraph.—Supreme Court.*—Where, in the Supreme Court, no question is made upon the pleadings, and the question to be decided in that court relates to the sufficiency of the evidence, the insufficiency of a paragraph of pleading, because of its reference to and adoption of part of the allegations of another paragraph, will not avail the appellant.

MORTGAGE. — *Foreclosure.—Description. — Extrinsic Facts.* — Where insufficiency of the description of land in a mortgage may be aided, and foreclosure may be authorized, without reformation, by showing extrinsic facts, such extrinsic matter must be such as does not contradict the mortgage or produce a description of other property than that described therein. It must merely explain the description in the mortgage, and point out the property by the means of identification indicated in the mortgage.

SAME.—*Construction of Description of Premises.*—The part of a deed which describes the premises conveyed or mortgaged should be liberally construed, with a view to make the deed available.

SAME.—*Complaint.—Single Cause of Action.*—A mortgage is a single cause of action, and in a complaint to foreclose it, however many notes or instalments it secures, a single paragraph only is necessary.

From the Grant Circuit Court.

*H. Brownlee, J. A. Kersey* and *L. D. Baldwin,* for appellants.

*A. Steele* and *R. T. St. John,* for appellee.

BLACK, C.—The appellee sued the appellants, who have assigned as error the overruling of their motion for a new trial, in which the causes stated were that the finding was contrary to law; that the finding was not sustained by sufficient evidence, and that the amount of the plaintiff's recovery was too large.

The appellee sought the foreclosure of two mortgages executed by the appellants, Audley M. Hannon and his wife, Sarah E. Hannon. One of the mortgages, that declared on in the first paragraph of the complaint, was executed on the 19th of June, 1869, to the appellee, to secure a promissory note of that date, due five years thereafter, given by said husband to the appellee.

The first paragraph alleged, amongst other things, that the defendants, on, etc., executed to the plaintiff a mortgage, thereby conveying to him "the lands therein described, to wit, the west half of the northwest quarter of section 11, in township 23 north, in range 8 east, in Grant county, Indiana, containing ninety and $\frac{11}{100}$ acres, more or less; and the plaintiff avers that at the same time and place and in the same mortgage, the said defendants undertook to convey to said plaintiff the additional and following described lands, to wit: Also, fifty-nine acres off of the west side of the east half of the northwest quarter of said section, described as beginning at the northwest corner of said east half of said northwest quarter of section 11, and running thence east thirty-nine rods to a stone; thence south two hundred and twenty-eight and one-fifth rods to the Mississinewa river; thence down said river to the southeast corner of said west half of said quarter section; thence north to the place of beginning; and that the whole of said tract is in township 23 north, in range 8 east, in Grant county.

Plaintiff avers that in drafting said mortgage a mistake was made in said description by the person who drew the same, in this, that a part of said description was not written in the said mortgage; that the description written therein is as follows: "Also the west part of the northeast half of the northwest quarter of section 11, township 23 north, in range 8 east, and running thence east thirty-nine rods to a stone; thence south to the river; thence running with the river to the southeast corner of the west half of the northwest quarter of section 11, town 23, range 8 east, containing fifty-nine acres, more or less."

It was alleged that the description should have been written as first herein set out, and that the mistake in not so writing was a mutual mistake of the parties and the draftsman. The plaintiff asked the correction and reformation of this mortgage and its foreclosure.

The description in the copy of the mortgage exhibited

with this paragraph corresponded with the description in the mortgage exhibited with the second paragraph, except in the use of the word "north" before the words "east half of the northwest quarter."

The second paragraph declared upon another mortgage executed to one Bond, February 13th, 1869, to secure four promissory notes of that date given by said husband to said Bond, one of which, due in 1873, with so much of the payee's interest in the mortgage as secured it, was assigned to the appellee in 1878. In this paragraph it was alleged, with other things, that, on, etc., the defendants executed a mortgage to said Bond, thereby conveying to him "the real estate therein named, and being the same real estate described in the first paragraph of this complaint, to secure," etc. In the copy of the mortgage filed with this paragraph as an exhibit, the real estate was described as follows: "The following real estate in Grant county, in the State of Indiana, to wit, the west half of the northwest quarter of section 11, in township 23 north, in range 8 east, containing ninety acres and $\frac{11}{100}$ acres, more or less; also, the west part of the east half of the northwest quarter of section 11, township 23 north, in range 8 east, and running from thence east thirty-nine rods to a stone; thence south to the river; thence running with the river to the southeast corner of the west half of the northwest quarter of section 11, township 23, range 8; thence to the place of beginning; containing fifty-nine acres, more or less."

Another paragraph, numbered the fourth, alleged the assignment, in 1878, by said Bond to the plaintiff of another of said four notes, the one due in 1871. It was alleged in this paragraph that, "on the 13th of February, 1869, the said defendants executed and delivered to one Levi L. Bond their mortgage, thereby conveying to said Bond the land therein described, as security," etc. A copy of the mortgage was referred to as being "herewith filed and made part of this complaint."

No attempt was made, either in the second paragraph or in the fourth, to allege any mistake in the mortgage executed to Bond, and the reformation of this mortgage was not asked.

Issues were formed, and the court found for the plaintiff upon all these paragraphs, and in its finding stated, with other things, that the appellants, on the 19th of June, 1869, executed to the appellee a mortgage on real estate described in the finding, the description thus given being that set out in the first paragraph of the complaint as the description of the real estate which the defendants by their mortgage of that date undertook to convey to the plaintiff. It was also found that on the 13th of February, 1869, the appellants executed to said Bond a mortgage on the same land.

It appeared from the evidence, that by each of the mortgages the parties thereto intended that a certain farm should be mortgaged thereby, the mortgage executed to Bond being given to secure the purchase-money of the land mortgaged, and that executed to the appellee being given for money borrowed of him by said husband and used by him to pay a part of the purchase-money of said land, a correct description of which was set forth in the first paragraph of the complaint and in the court's finding.

Upon some questions involved in the trial, which we do not specially mention, there was conflict of testimony. The only question not disposed of by application of the rule that we can not pass upon the weight of evidence is, whether, under the complaint, there could be a finding that by the mortgages declared on the real estate described in the finding was mortgaged.

As was said in *Davis* v. *Cox*, 6 Ind. 481, it is not what the complaint alleges simply, without proof thereof, nor what the plaintiff proves without having alleged it, that is the measure of his remedy, but what he alleges and proves. *White* v. *Hyatt*, 40 Ind. 385. It is a familiar rule that each paragraph of a pleading must be complete within itself, and one paragraph can not be aided as to the allegation of material facts

by mere reference therein to the allegations of another para-graph. *Entsminger* v. *Jackson,* 73 Ind. 144. But where no question is made upon the pleadings, and the question to be examined by this court relates to the sufficiency of the evidence, the insufficiency of a paragraph of pleading, because of its reference to and adoption of part of the allegations of another paragraph, will not avail the appellant. *Larsh* v. *Test,* 48 Ind. 130.

If a mistake was well pleaded in the first paragraph of the complaint, no mistake of fact in the execution of the mortgages or of either of them was proved. It does not appear but that the words intended by the parties were used. As shown in evidence, the mortgage executed to the appellee, upon which the first paragraph of the complaint was based, did not contain the word "north" before the words "east half," as alleged in that paragraph and as the exhibit indicated. Counsel for the appellee speak of the appearances of this word "north" in the record as clerical mistakes. If the record presented to us is incorrect, this is a fault of counsel. But we think that upon the introduction of the mortgage in evidence, this variance might have been amended, and that the evidence can not for this reason be regarded as insufficient to support the finding.

Let us first consider whether the evidence was sufficient to sustain the finding, if the first and second paragraphs had constituted the whole complaint. If the description of the premises in the mortgages (and it was in both like that in the exhibit of the second paragraph of the complaint) showed ambiguity which rendered the mortgages void and ineffectual to convey the premises, then, unless upon a proper showing by pleading and evidence of mistakes the mortgages were corrected and reformed, the evidence was insufficient. But the description of the premises in a mortgage may, in a particular case, be sufficient for the foreclosure of the mortgage without reformation thereof, and yet not thus sufficient without the averment in the complaint of some extrinsic fact or

facts, by proof of which under such averment the incomplete description in the mortgage may be rendered complete, and the court in its finding and decree may designate the property by such complete description, so as to enable the sheriff with the help of a surveyor to find the land and exactly ascertain its boundaries. *Whittelsey* v. *Beall*, 5 Blackf. 143; *English* v. *Roche*, 6 Ind. 62; *Struble* v. *Neighbert*, 41 Ind. 344; *Halstead* v. *Board*, etc., 56 Ind. 363; *Craven* v. *Butterfield*, 80 Ind. 503; Jones Mort., section 1462.

To enable the court to enforce the mortgage upon particular land under the averment of extrinsic facts, the extrinsic matter must not contradict the mortgage or produce a description of other property than that described therein, but it must merely explain the description in the mortgage and point out the property by the means of identification indicated in the mortgage; that the mortgage may not be void, it must furnish such means of identification. It should be apparent that the mortgage and the complaint alleging extrinsic facts designate the same property.

If a monument be mentioned as a part of the description in a mortgage, but the relative position of such monument be not certainly designated, and the designation of its position exactly would render the description complete, the mortgage is not void; for an averment in the complaint to foreclose it showing the position of the monument would not contradict the mortgage, but, by means indicated in the mortgage, would show a description which would appear on its face to indicate the property described in the mortgage, and, under such an averment, parol evidence would be admissible to identify the monument. Whart. Ev., section 942; 3 Washb. Real Prop., ch. 5, section 4, cls. 52, 53; *Brown* v. *Anderson*, 90 Ind. 93.

Some effect will be given to a mortgage, if possible; for it will not be presumed that the parties meant it to be a nullity. *Gano* v. *Aldridge*, 27 Ind. 294.

The part of a deed which describes the premises conveyed or mortgaged should be construed with the utmost liberality,

and the deed should not be held void for uncertainty, if by any reasonable construction it can be made available. It is the office of the description to furnish the means of identification, and if the intent of the parties can, by any possibility, be gathered from the language used, it will be effectuated. *Peck* v. *Mallams,* 10 N. Y. 509; *Key* v. *Ostrander,* 29 Ind. 1; *German Mut. Ins. Co.* v. *Grim,* 32 Ind. 249 (2 Am. R. 341); *Rucker* v. *Steelman,* 73 Ind. 396.

Looking, with such purpose, at the descriptions, in the mortgages in suit, of the portion of the premises said therein to be fifty-nine acres, more or less, and considering in connection with said descriptions the statement in the complaint that the stone mentioned in the mortgages is east of the northwest corner of the east half of the northwest quarter of the section designated, the uncertainty of the descriptions is sufficiently removed to enable the court to effectuate the mortgages. The parties designated the stone as a monument, and set out sufficient other matter of description to locate the land by proceeding in accordance therewith from that monument. There was no ambiguity in their minds as to the monument, and if its relative position is ascertained *aliunde,* there is no uncertainty in the description sufficient to defeat the intention of the parties.

With this understanding, the proof was sufficient under the first and second paragraphs of the complaint.

Now, as to the fourth paragraph. It showed that the plaintiff was the owner of another of the four notes secured by the Bond mortgage sued on in the second paragraph, and it made the copy filed with that paragraph its exhibit.

For the foreclosure of this mortgage as to all the notes secured thereby that the plaintiff owned, only one paragraph was necessary. The mortgage, as to all his interest in it, constituted one cause of action. The case was practically conducted as if the fourth paragraph had been a part of the second, or supplementary thereto, and the same result was reached as would have been properly arrived at as to the Bond mort-

gage if there had been but one paragraph thereon. No question is before us as to the sufficiency of the pleadings, or as to the admission of evidence. The statute provides that this court shall not reverse a judgment, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below. R. S. 1881, section 658.

It sufficiently appears upon the record before us that a just result was reached, and we are of the opinion that the judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Filed Feb. 14, 1885; petition for a rehearing overruled April 8, 1885.