Filed March 30, 1888.

| 114 | 311 |
|---|---|
| 114 | 356 |
| 116 | 359 |
| 119 | 183 |
| 121 | 4 |
| 114 | 311 |
| 138 | 107 |
| 114 | 311 |
| 147 | 689 |
| 114 | 311 |
| 154 | 258 |
| 114 | 311 |
| 166 | 107 |
| 166 | 109 |

No. 13,062.

## ROEHL, ADMINISTRATOR, v. HAUMESSER.

CONTRACT.—*To Devise Property.*—*Description.*—A contract in general terms to devise " one-half of my estate " applies to such property of all kinds as the contractor may have left subject to disposition by will or devise at his death, and is not void for the want of a more particular description.

SAME.—*Action for Breach.*— *Damages.*— *Specific Performance.*— *Complaint.*— An action for damages for the breach of the contract may be maintained, and it is not necessary to set out in the complaint a particular description of the property owned by the decedent at the date of his death. *Aliter,* where the action is for specific performance or to obtain a decree affecting the land.

SAME.—*Statute of Frauds.*—*Contract by Correspondence.*—Where a contract to devise land may be extracted from letters written during the course of a correspondence through which the negotiations were carried on, it is taken out of the operation of the statute of frauds, as it may be, also, by a performance of the conditions imposed by the owner of the land.

SAME.— *Lost Letters.*— *Secondary Evidence of Contents.*—Where it is shown that the letters constituting the contract are lost, and that a diligent

search for them has been fruitless, secondary evidence of their contents is admissible.

SAME.—*Agent.*—*Parol Authority to Sign Memorandum Required by Statute.*— In the absence of a statutory provision to the contrary, the authority of an agent to sign the note or memorandum required by the statute in the sale or leasing of lands may be proved by parol.

From the Fayette Circuit Court.

*J. I. Little, C. Roehl, J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellant.

*C. A. Korbly, W. O. Ford, R. Conner* and *H. L. Frost,* for appellee.

MITCHELL, C. J.—Barbara Haumesser filed a claim against the estate of John Farner, late of Fayette county, deceased, on which a jury, after hearing the evidence, allowed her the sum of $3,050.

The claim is based on the following facts, which are set forth in detail and at length in a complaint which was duly filed: In October, 1884, Farner resided at Connersville, Indiana, his family consisting of himself and wife, both of whom were aged and in infirm health. Being childless, he addressed a letter to the claimant's mother, she being a niece, residing at Madison, Indiana, in which he proposed, in effect, that if she would permit her daughter to come and live with him, and do his housework, and take care of him and his afflicted wife, he would, in consideration thereof, devise and bequeath to the claimant one-half of his estate.

The claimant's mother replied to this letter that the claimant would accept the proposition so made, provided the decedent, in addition to the proposed devise, would agree to pay her, the mother, two dollars a week, in order to make good the loss of claimant's services to the family; and provided further, that he would agree to pay the claimant's railroad fare from Madison to Connersville.

Another letter is alleged to have been written and signed by George Haumesser, a brother of the claimant, in which substantially the same proposition was made as that con-

tained in the letter written by the decedent. This last letter was addressed to the mother, and is alleged to have been written at the request and by the direction of the decedent, the writer being so directed while at Farner's house. Finally, on the 27th day of October, 1884, a third letter was written by the decedent to the mother, in which he again repeated his original proposition to devise one-half his estate to the claimant, on the conditions proposed, and in which he also acceded to the conditions proposed in the letter from the claimant's mother, and agreed to pay two dollars a week in addition to the devise proposed, and the railroad fare, which he enclosed.

The contents of the several letters above mentioned were communicated to the plaintiff, and, on the 10th day of November, 1884, she accepted the terms proposed, and at once proceeded to the decedent's residence at Connersville. She became a member of his family and fully performed the contract until the 16th day of the ensuing January, when John Farner died of a sudden illness, having, theretofore, made a will in which he made no provision for the claimant.

It is alleged in the complaint that the letters above mentioned have been lost, and that, for that reason, copies thereof could not be set out and exhibited with the complaint. The prayer is, that the claimant may recover, on the contract alleged to have been made by the written correspondence above mentioned, one-half the value of John Farner's estate, which is alleged to consist of six thousand dollars' worth of real property, and a personal estate inventoried at $4,790.95.

The court overruled a demurrer to the claim or complaint, and this ruling presents the first question for consideration.

In *Wallace* v. *Long*, 105 Ind. 522 (55 Am. R. 222), it was held by this court that an executory contract to devise real estate, or to bequeath personal property, exceeding fifty dollars in value, must be in writing, otherwise it would be within the statute of frauds, and would neither be enforceable, nor would it, ordinarily, support an action for damages.

Recognizing the rule laid down in the above mentioned case, the claimant relies on the correspondence between the decedent and her mother.

The contents of these letters are put forward, and the claim is that they constitute such a contract in writing, signed by the party to be charged, or by some person thereunto by him lawfully authorized, as satisfies the statute.

The contract, as it is alleged to have been set forth in the letters which are said to be lost, was that the decedent " would make a will and devise and bequeath to Barbara Haumesser the one-half of all his estate."

It is contended that the contract is wholly void for want of a sufficient description or identification of the real estate to be devised. This position is not sustainable. There is no reason why a contract to devise real estate should be more specific in respect to the description of the real estate to be devised than a devise itself or than a deed or mortgage. A devise of all, or of any aliquot part, of the real estate of which a testator should die seized, would not be open to serious question. Thus, it was held in *Townsend* v. *Downer*, 23 Vt. 225, that a devise of land, " which I purchased, lying on tne main, supposed to be in the State of Vermont," it appearing that the testator owned one tract of land in a particular township in the State of Vermont, was not void for uncertainty. The court there say : "A devise, or grant, is only declared void for uncertainty, when, after the resort to oral proof, it still remains mere matter of conjecture, what was intended by the instrument." So it has been held that a deed " of all my estate," or " of all my lands wherever situate," is sufficient to pass title. *Wilson* v. *Boyce*, 92 U. S. 320 ; *Jackson* v. *Delancey*, 4 Cow. 427 ; *Pond* v. *Bergh*, 10 Paige, 140 ; 2 Redfield Wills, 388.

In *Leslie* v. *Merrick*, 99 Ind. 180, the sufficiency of a description of real estate as contained in a mortgage came in question. In consonance with the well established rule, the court there held that "A deed or mortgage of all the real

estate of the grantor or mortgagor is good without any further description, because the real estate conveyed or mortgaged can be ascertained by evidence *aliunde*."

So this court said in *Torr* v. *Torr*, 20 Ind. 118: " Where the description, so far as it goes, is consistent, but does not appear to be complete, it may be completed by extrinsic, parol evidence, provided a new description is not introduced into the body of the contract." *Thomas* v. *Mathis*, 92 Ind. 560; *Scanlan* v. *Geddes*, 112 Mass. 15; *Mead* v. *Parker*, 115 Mass. 413; *Waring* v. *Ayres*, 40 N. Y. 357; *Parker* v. *Teas*, 79 Ind. 235; *English* v. *Roche*, 6 Ind. 62.

That part of a deed or contract which relates to the description of the premises should be liberally construed, so as to make the instrument available. *Hannon* v. *Hilliard*, 101 Ind. 310.

A contract in general terms to devise all, or one-half, of an estate, like a devise, applies to such property of all kinds as the person agreeing to make the devise may have left subject to disposition by will or devise at his death. The contract of Farner to devise one-half of his estate to the claimant evidently had reference to such property as he should die seized of. One-half of that, according to the agreement, was to go to the plaintiff. This was capable of being ascertained and made certain, and, in obedience to the maxim which declares that to be certain which may be made certain, the contract is not subject to objection on account of the generality of the description. A party conusant of his rights may sell or devise by general description, though an officer must define what he sells. *Jackson* v. *De Lancey*, 11 Johns. 364 (373).

While the description is general, it is entirely free from ambiguity. There is no room for conjecture as to what property is to be affected by the contract. It embraced one-half of all the estate owned by the decedent at the date of his death.

The contract was, therefore, sufficient to sustain an action for specific performance, or for damages for its breach, and,

this being an action of the latter nature, it was not necessary
to set out in the complaint a particular description of the
property owned by the decedent at the date of his death.
Where a description of real estate is general and incomplete,
as contained in a contract or deed, and the action is for
specific performance, or to obtain a decree in any way affect-
ing the land or a particular part thereof, it is necessary to
aver extrinsic facts in the complaint in aid of the general or
incomplete description, so that the court may, in its decree,
designate the particular land to be affected by its judgment.
*Hannon* v. *Hilliard, supra; Torr* v. *Torr, supra.* This
is not necessary where the action is for damages for failing
to comply with a valid agreement to convey or devise real
estate.

The validity of the contract, as it is affected by or under
the requirements of the statute of frauds, must be determined
by an inspection of the paper. While the contract may be
applied to the subject-matter by the aid of extrinsic aver-
ments and parol evidence, its validity can not be thus de-
termined. *Eggleston* v. *Wagner*, 46 Mich. 610; *Colerick* v.
*Hooper*, 3 Ind. 316 (56 Am. Dec. 505).

Something is said about the policy of upholding contracts
such as that under consideration. However this may be, it
is now too well settled to be open to question that a person
may make a valid contract binding himself to make a par-
ticular disposition of his property by last will and testament.
The only inquiry which the law justifies, in case of an agree-
ment to devise or bequeath property founded on a valid con-
sideration, is as to the validity of the agreement, and whether
or not it was entered into fairly, without surprise or imposi-
tion, and whether it is reasonable and not against public
morals. *Caviness* v. *Rushton*, 101 Ind. 500 (51 Am. R.
759); *Wallace* v. *Long, supra; Watson* v. *Mahan*, 20 Ind.
223; *Bell* v. *Hewitt*, 24 Ind. 280; *Lee* v. *Carter*, 52 Ind.
342; *Johnson* v. *Hubbell*, 2 Stock. Ch. 332 (66 Am. Dec.

773); *Wright* v. *Wright*, 31 Mich. 380; *Sutton* v. *Hayden*, 62 Mo. 101; *Logan* v. *McGinnis*, 12 Pa. St. 27.

Since the chief incentive to the acquisition of property is the right that every man has to dispose of that which he accumulates in the manner he may judge best, it has been well said that: " It is not only in harmony with sound principle that a person may make a valid agreement binding himself to dispose of his property, in a particular way, by last will and testament, but it is supported by an almost unbroken current of authorities, both English and American." ' *Johnson* v. *Hubbell*, 66 Am. Dec. 784, note.

If such an agreement is in writing, so as to satisfy the statute of frauds, or if it has been performed in such a manner as to be taken out of the operation of the statute, an action for its specific enforcement may be maintained, or an action for damages may be maintained in special cases. *Wright* v. *Tinsley*, 30 Mo. 389; *Gupton* v. *Gupton*, 47 Mo. 37; *Wallace* v. *Long, supra.*

The case of *Schutt* v. *Missionary Society M. E. Church* (N. J.) 3 Cent. Rep. 370, is in many respects analogous to the present case. In the case cited a contract between an uncle and nephew, which had been consummated by correspondence, was enforced, the result of the correspondence being an agreement on the part of the uncle to make his nephew heir to his estate, on condition that the latter would comply with the requests of the former.

The statute of frauds may be satisfied if the contract can be extracted from letters written during the course of a correspondence through which the negotiations were carried on. *Wills* v. *Ross*, 77 Ind. 1 (40 Am. R. 279) ; *Thames, etc., Co.* v. *Beville*, 100 Ind. 309.

What has already been said concerning the validity of the contract in question disposes of most of the argument on appellant's behalf in respect to alleged errors of the court in giving and refusing certain instructions.

It would involve much useless repetition to make a state-

Roehl, Administrator, v. Hanmesser.

ment of each of the charges given and refused, and of our reasons for holding that the court committed no error in that connection. It is sufficient to say that, in so far as the instructions involved a construction of the alleged contract, they were in accord with what has already been said in reference to the ruling of the court on the demurrer to the complaint.

After charging the jury, in substance, that, before the plaintiff could recover, it was necessary that she should have proven by a fair preponderance of the evidence that the decedent in his lifetime made the promise or agreement sued on, or some note or memorandum thereof in writing, duly signed, etc., the court charged further that it was not necessary that authority to sign the decedent's name to the contract sued on should have been given in writing.

It is contended that, under the first part of the charge, a recovery might have been warranted, even though the jury may have found that the contract sued on rested in parol, and that the last part of the charge was erroneous, because, it is said, authority to sign a writing so as to take a contract out of the statute of frauds can not be conferred by parol. The instruction referred to, in connection with other instructions given, put the case to the jury plainly upon the theory that the plaintiff could not recover unless she established a contract in writing, duly signed. The complaint, as well as the whole case, proceeded from first to last upon the theory that the contract sued on was in writing.

In respect to the second proposition, it is well settled, in the absence of statutory requirement to the contrary, that the authority of an agent to sign the note or memorandum required by the statute in the sale or leasing of lands, may be proved by parol, or, in other words, it may be proved by the same class of evidence necessary to establish agency in other cases—that is, by proof of express authority, or by subsequent ratification. *Rutenberg* v. *Main*, 47 Cal. 213; *Newton* v. *Bronson*, 13 N. Y. 587; *Moody* v. *Smith*, 70 N.

Y. 598; *Eggleston* v. *Wagner*, 46 Mich. 610; Wood Frauds, section 425; 1 Reed Statute of Frauds, section 379; Browne Statute of Frauds, section 370.

If a contract is signed by an agent in his own name, that of the principal being entirely absent from the writing, parol proof will be admitted to show the agency, so as to hold the real principal. *Washburn* v. *Washburn*, 4 Ired. Eq. 306; *Dykers* v. *Townsend*, 24 N. Y. 57; *Wilson* v. *Hart*, 7 Taunt. 295; Browne Statute of Frauds, section 370a.

The case of *Vanhorne* v. *Frick*, 6 Serg. & Rawle, 90, cited by appellant's counsel, was controlled by the statute, and decides nothing in conflict with the current of authority or with our conclusions as stated above.

We have examined the other charges, which are made the subjects of some merely suggestive criticism in the appellant's brief. We find nothing objectionable in them. The measure of damages was correctly stated in the sixth charge.

There was no error in granting the claimant leave to withdraw the first paragraph of her claim after the evidence had been heard. The withdrawal could not by any possibility have injured the appellant.

More or less complaint is made concerning rulings of the court in admitting certain letters in evidence, and in admitting oral evidence of the contents of certain other letters alleged to have been lost. A careful examination of the record and briefs fails to disclose any error in connection with those rulings.

It was shown that a fruitless search had been made for the letters constituting the contract, which it is alleged were lost, and, without setting out the evidence, it seems to us the court was fully warranted in admitting secondary evidence of their contents. *Johnston Harvester Co.* v. *Bartley*, 94 Ind. 131; 1 Greenleaf Ev., section 558.

There are other questions, of minor importance, which in no manner involve the merits of the controversy, presented by way of statement in the appellant's brief. Without pro-

longing the opinion, it is only necessary to say in conclusion, so far as the record discloses, the case was fairly submitted to the jury without any intervening error of law, and, while we fully concur with appellant's counsel in the suggestion that cases of this character should be subjected to the closest scrutiny, we are unable to discover any reversible error in the record. The evidence offered on plaintiff's behalf must have been believed by the court and jury.   It sustains the verdict.

The judgment is therefore affirmed, with costs.

Filed Feb. 8, 1888; petition for a rehearing overruled April 13, 1888.