MOUNTZ ET AL. *v.* BROWN ET AL.

[No. 17,764. Filed October 4, 1948. Transfer denied
February 3, 1949.]

*Mountz & Mountz;* and *Brinkerhoff & Brinkerhoff,* all of Garrett; and *Dan M. Link,* of Auburn, for appellants.

*Atkinson & Sanders,* of Garrett; and *Springer & Angelone,* of Butler, for appellees.

ROYSE, C. J.—Daniel and Ettie V. Brown were, on the 21st day of August, 1925, an elderly childless married couple. On that day they both executed a joint will. It is as follows:

"We, Daniel Brown, and Ettie V. Brown, Husband and Wife, of Butler, DeKalb County, Indiana, being of sound mind, and disposing memory, make and appoint the following to be Our Last Will and Testament, hereby revoking any and all former Wills made by either of us.

"Item 1st. It is our will that all of our just debts shall first be paid from our estate.

"Item 2. After the payment of any debts and obligations we or either of . . . owe at the time of death of either of Us, We hereby devise and bequeath all the residue of our estates, both real and personal, including all moneys, notes, or any other evidence of indebtedness due Us or either of Us to the Survivor of either Husband, or Wife (namely), Daniel Brown, or Ettie V. Brown, all of the property of every kind, class, description, or nature, as aforesaid to be held and used by Us as we see fit.

"Item 3. It is our will that if neither of us survive the other long enough to execute a will, then, and in that event we do hereby will and bequeath the whole of our estate as described above, to be divided as follows: to Ella Oberlin, wife of Richard Oberlin (deceased) the sum of five thousand Dollars, the same to be absolute property of the said Ella Oberlin, a sister of the said Daniel Brown, or

her children, should she not survive Us, The said sum of Five Thousand Dollars, herein bequeathed to Ella Oberlin, shall be in addition to her share of the residue of Our Estate herein set forth. The remainder of Estate to be divided in six (6) equal parts, as named herein. (To Rose Kepler, One Sixth), (to Zelphina Mountz One Sixth), (to S. F. Mountz One Sixth), (to Wm. M. Brown, One Sixth), (to Ella Oberlin, One Sixth), (and to Karl Mountz, now of Herford, Texas, Jesse Mountz, now of Detroit, Mich., and Walter Mountz, of Butler, Ind. One Sixth) each of the said Karl, Jesse, and Walter Mountz, to share one third (1/3) each of this last one sixth, of said estate.

"Item 4. It is our will that there shall be no other beneficiaries of this Estate, except those named herein, and further, should any named herein, or any other relatives attempt to set aside, or in any manner attack the validity of this will, then it is our will, that such persons and his or Her heirs, shall forever be procluded from taking from Our estate.

"Item 5. It is Our will should either of Us survive the other, then in that event it is Our request that this will shall not be probated, until the death of the latter, this for the reason that the Law provides that either Husband, or Wife, can elect to take under Will, or Law, as they see fit.

"Item 6. We hereby appoint as executors of this Our last will, William M. Brown, and S. F. Mountz, to act as executors of this will, or if either of them should not survive, then in that event the survivor of them shall act as our executor and shall sell the . . . whole of Our real estate and convert the same into cash, and divide as herein set forth. Witness Our Hands and seal this 21st day of August 1925.

"Daniel Brown (seal)<br>
"Ettie V. Brown (seal)

"Signed by Daniel Brown, and Ettie V. Brown, Husband and Wife of Butler, Indiana, in our presence as their last will and testament and signed by Us as subscribing witnesses in their presence,

and in the presence of each other this 21st day of August 1925.

"Bertha Swift
"Charles E. Swift."

Subsequently, on the 16th day of May, 1934, they entered into the following written contract:

"This agreement, made and entered into this 16th day of May, 1934, by and between Daniel Brown and Ettie V. Brown, husband and wife, of Butler, Indiana, Witnesses:

"That whereas the said parties have heretofore entered into a certain joint will and contract, by which they agreed as to the final disposition of the property of which they shall die possessed and which joint will and contract was executed by each of them for a good and valuable consideration and is binding upon them, and which joint will and contract was by them executed and witnessed when executed by Charles Swift and Bertha Swift, his wife;

"And whereas the said parties have mutually agreed and do now agree that the final distribution and disposition of their said property shall be made in accordance with the terms and conditions of the said joint contract and will;

"And whereas the said parties desire to have mutually agreed that during the life time of them and the survivor of them the terms of said joint contract and will shall not take effect or become public and that the survivor of them shall take all of said property at the death of the other and hold the title to it absolutely so long as such survivor lives;

"Therefore, in consideration of the mutual considerations resulting from the execution and performance of this agreement and the execution of the said several wills of the parties as herein provided for, it is agreed that contemporaneous with the execution of this agreement, and in consideration thereof, each of said parties shall execute a will whereby each shall devise and bequeath to the other, in the event of the survival of said

other, all of the property both real and personal of which each shall die possessed and that the survivor shall take and hold the said property during the remainder of his or her life subject to the terms and conditions of the said joint will and contract, and holding said property in trust only to such extent as may be necessary to fully carry out the terms of the said joint will and contract and to fully protect the rights of all persons for whom provision is made and is to be made under the terms of said joint will and contract, and upon the death of the survivor of these parties, Daniel Brown and Ettie V. Brown, the said property then remaining of which these parties, either and both of them died possessed, shall be distributed as in said joint will and contract provided as if the said joint will and contract had been the last will and testament of each and both of these parties.

"And each of these parties covenant and agree, in consideration, of the execution of the wills herein provided for and executed contemporaneous herewith, not to make any other or different disposition of any of their property except as provided for herein and agree to fully perform and carry out all of the terms and conditions of all of said agreements and wills, including said instrument referred to as said joint will and contract.

"This agreement is executed in triplicate and one copy thereof shall be deposited with H. W. Mountz in escrow and for safe keeping until the death of the survivor of these parties.

"Witness our hands and seals this 16th day of May, 1934.

> "Daniel Brown
> "Ettie V. Brown

"Signed and sealed and delivered in the presence of the undersigned who have affixed their signatures hereto in the presence of each of the above named parties and in the presence of each other.

> "H. W. Mountz
> "George E. Mountz

"STATE OF INDIANA, DeKalb County, SS.

"Before me, the undersigned Notary Public, the above named Daniel Brown and Ettie V. Brown, his wife, signed and acknowledged the execution of the above and foregoing agreement, this 16th day of May, 1934.

"Witness my hand and official seal.

"H. W. Mountz,
Notary Public."

Contemporaneously with the execution of this contract each of the parties executed wills in accord with the provisions of the contract. These wills were identical except as to names.

Daniel Brown died on the 5th day of February, 1939, leaving his wife surviving him. His will of May 16, 1934 was duly probated in the DeKalb Circuit Court. The widow took possession of all the property.

On the first day of September, 1942, Ettie V. Brown executed a new will which made a different disposition of her property than contemplated by the contract of May, 1934.

Ettie V. Brown died on the 31st day of July, 1944. Her last will was duly admitted to probate on the 3rd day of August, 1944 and is now, or, at least at the time of the trial of this cause, was in process of administration in said court. There were no objections to its probate.

On the 5th day of February, 1945 appellees brought this action to quiet their title to certain real estate to which they assert title under the provisions of the contract hereinbefore set out. In addition to averring the execution of said wills and the contract of 1934, the complaint alleges, in part, as follows:

"That after the death of the said Daniel Brown the said Ettie V. Brown executed a purported last will and testament herein set forth to deprive these

plaintiffs of the interest in the above described property, personal and real, all of which she attempted to do without any right so to do and in violation of the agreement with her said husband and in violation of the terms of the contract entered into between her and her said husband and contrary to the terms of her said contract, she has attempted without right to make testamentary disposition of all of the property real and personal of which she and her said husband were the owners and of which she obtained possession through the said joint and mutual contract, and in conflict with and in violation of the terms and provisions of said contract.

"7. Plaintiffs further say that by reason of the joint and irrevocable contract heretofore set out between herself and her· said husband, the said Ettie V. Brown had no legal right or authority or power to make any other disposition of their said property or of any property of which she died the owner and had no right or authority to dispose of any property under any will to be made by her after the execution of said contract and that the equitable title to all of the above described property is vested in the persons and under the conditions set forth in the joint will of the said Daniel Brown and Ettie V. Brown which was made a part of the contract between the said parties by reference thereto and it became a part of said contract as fully and completely as if copied therein in full."

The appellants demurred to this complaint on the grounds that it did not state facts sufficient to constitute a cause of action. In the memorandum supporting this demurrer they set out numerous reasons as to why they believe the purported joint will of August, 1925, is void and of no force or effect. They further contend that by the terms of the contract of May 16, 1934, Ettie V. Brown had the right to dispose of all of the property by conveyance, gift or will.

The trial court overruled the demurrer. Trial to the court resulted in finding and judgment in favor of

appellees. The errors assigned here are the overruling of the demurrer and of the motion for new trial. The motion for new trial questions the sufficiency of the evidence and the legality of the decision.

There being no conflict in the evidence, the same questions are presented by each assignment of error and have been grouped together in the briefs of the parties.

Appellants first contend that a joint will which expressly postpones its probate until after the death of the surviving maker is not a valid will and that it would be against public policy to admit it to probate. This is not the rule in this state. In *Black et al.* v. *Richards et al.* (1883), 95 Ind. 184, our Supreme Court held that a joint will made by two persons to take effect after the death of both *may not be admitted to probate during the life of either, but may be admitted to probate after the death of both.* See also, I *Henry's Probate Law and Practice*, p. 758, § 570. However, in our opinion, this action is not based on the joint will of 1925. That will was revoked.

This action is based on the contract of May, 1934. By clear and unambiguous language the parties by that contract agreed that on the death of the survivor of them their property should be distributed in accord with the provisions of the joint will of 1925. By the terms of the contract each of the parties agreed not to make any other or different disposition of any of their property. This provision eliminated the first phase of Item 3 of the will of 1925 providing "It is our will that if neither of us survive the other long enough to execute a will," etc. In our opinion, with the exception herein noted, the distribution made by Item 3 of the joint will of 1925 became a part of the contract of 1934. Hence, the survivor

could not make a disposition of their property contrary to the provisions of this contract. *Roehl, Administrator,* v. *Haumesser* (1888), 114 Ind. 311, 15 N. E. 345; *Lovett* v. *Lovett* (1928), 87 Ind. App. 42, 155 N. E. 528; *Sample* v. *Butler University et al.* (1936), 211 Ind. 122, 4 N. E. 2d 545; *Henry's Probate Law and Practice, supra.*

Finding no error, the judgment of the DeKalb Circuit Court is affirmed.

NOTE.—Reported in 81 N. E. 2d 374.